## ROBERTS *VS.* ADAMS.

1. In an action by a surety against his co-surety, for money paid, laid out and expended, on account of the co-suretyship, it is not necessary to aver and prove that the principal or principals have been prosecuted to insolvency.

2. The right of a surety to sue his co-surety, is consequent upon the legal payment of the money for which the sureties were jointly bound; notwithstanding the act of this State, also authorizes one co-surety, who has paid money on a judgment, to move against another for his proportion of the debt, when the principal debtor has proved insolvent.

Error to the Circuit court of Dallas county.

Assumpsit on promises implied. Plaintiff below declared against the defendant, at the spring term eighteen hundred and thirty-seven of said court, for that whereas said defendant, theretofore, to wit, on a certain day, was indebted to said plaintiff in a large sum of money, by plaintiff, before that time, lent, advanced and paid, laid out and expended, for the said defendant, at his special instance and request, and that being so indebted, in consideration thereof, promised to pay the same when required so to do, and being so requested, had declined, to the damage of plaintiff, &c.

There were several other counts in the declaration, to all of which defendant pleaded the general issue.

And at the fall term of the same court, came the parties, and a jury of good and lawful men came also, to whom the issue joined was submitted, and who upon their oaths said, they found for the plaintiff: It was therefore considered by the court, that the plaintiff should recover of defendant, the sum of money so found by the jury, and the costs by the plaintiff expended, for which execution might issue, &c.

From this judgment there was a writ of error returnable to this court.

The bill of exceptions stated, that on the trial of the cause, plaintiff proved that he and defendant were co-sureties for one Ross & Roberts, on a promissory note, on which plaintiff had been sued, and compelled to pay the whole of the said note, by judgment and execution. No proof was adduced of the insolvency or inability of Ross & Roberts, to remunerate the plaintiff. The defendant asked the court to charge the jury, that to enable the plaintiff to recover, he must shew to them, that Ross & Roberts, the principals, were unable to pay the plaintiff the money paid for them as surety; but this charge the court refused to give. To which refusal so to charge, the defendant excepted, &c.

The plaintiff in error now assigned, that the court below erred in declining to charge as disclosed in the bill of exceptions, &c.

*J. B. Clarke*, for the plaintiff in error.
*Phillips*, contra.

*Clarke*, for the plaintiff in error, cited Aik. Dig. 385, sec. 4, and Pearson *vs.* Duckham, 3 Litt. 385, to shew that to enable plaintiff below to maintain his action, it was incumbent on him to shew the insolvency of the principals in the note; and having failed to do so, the court below ought to have charged as requested by defendant. He also cited to the same effect, 17 Mass. 468; 2 Bos. & P. 268; and Starkie, 1384; also N. H. 270.

GOLDTHWAITE, J.—This in an action of assumpsit on the common counts; and the only question which is presented for revision, arises out of the bill of exceptions, taken by Roberts on the trial of the cause—by which it appears, that the plaintiff and defendant were the co-sureties for Ross and Roberts, to a promissory note,

on which Adams was sued, and compelled to pay.    No proof was adduced to show the insolvency of Ross and Roberts.    On the evidence, Roberts requested the Circuit court, to instruct the jury, that before Adams could entitle himself to a recovery, the insolvency or inability of Ross and Roberts must be made apparent.    This instruction was refused, and the refusal is here assigned as error.

Since the case of *Cowell vs Edwards** it has never been questioned in England, that one co-surety has a right of action against another, as soon as he is compelled to pay the debt for which they were joint sureties.    Nor has a contrary doctrine ever been asserted in this country, except in the State of Kentucky.    In the case of *Pearson vs Duckham*,† the court of Error and Appeals of that state, in a case which cannot be distinguished from the one now before us—decided that the right of one surety to recover from another, his proportion of the money paid on account of the suretyship, was dependant on the insolvency of the principal debtor.    The grounds on which the decision is made to rest, are two fold—

1.    That the action at law, is derived from the courts of Equity, and that such courts never decree in favor of one surety against another, unless the principal debtor is insolvent; and—

2.    That because the legislation of that State had given a summary remedy in favor of one against another co-surety, when the principal debtor is insolvent, this must be regarded as a legislative exposition of the law of co-suretyship.

The first of these positions would be very difficult to sustain on principal or authority, for it is no where laid down, that the allegation of insolvency, is one which is either necessary to be made or supported by proof.    The principal debtor may be a necessary party to the bill, but is alone so, on the ground that he is interested in the

---

* 2 B. & P. 268.            † 3 Littel, 384.

subject matter of the suit, and perhaps also in the *object* of it, and his presence may be necessary to enable a chancellor to scale the claims of all the parties. Indeed, it might very frequently be a matter of great doubt, whether the principal debtor was able to respond for any portion of the sum paid; and the right of contribution would thus be made to depend, not on fixed principles of justice and equity, but on the prosecution of a suit which might or might not be available, according to circumstances.

The second position on which the case cited is made to rest, is common to this State; for we have a similar statute to that of Kentucky, which authorises one co-surety, who has paid money on a judgment, to move against another, for his proportion of the debt, when the principal debtor has proved insolvent.

We cannot yield our assent to the proposition, that the enactment of this statute is equivalent to a repeal of the previous law in relation to co-sureties. The legislature might well refuse to give a summary remedy to one surety against another, when the principal debtor was solvent, and yet not intend to make the recovery, in other modes of proceeding, dependant on the fact of insolvency.

It does not admit of question, that the rule as laid down in the case of *Cowel vs. Edwards*, before cited, is the existing law of co-suretyship, and that the right to sue is consequent, on the legal payment of the money, for which the sureties are justly bound.

The judgment is affirmed.