## SUPREME COURT.

WILLIAM VAN DEMARK agt. LUCINA VAN DEMARK, executrix, and JOHN S. VAN DEMARK, executor of, &c., of HENRY VAN DEMARK, deceased.

Where a plaintiff brings his action against the defendant for *contribution*, as co-surety with the plaintiff and others, in the execution of a note, the com plaint, after stating the giving of the note by the principal debtor, its execution by the plaintiff and defendant, and the other co-sureties, and the payment of the note by the plaintiff, has stated facts entitling the plaintiff to contribution from his co-sureties.

The plaintiff is not bound to aver what proportion or part the defendant is to pay; the law settles that. Nor is he bound to state whether anything has been repaid to him, that is matter of defence.

*Wayne Special Term, Oct.*, 1856.

MOTION by defendants, that complaint be made more definite and certain, &c.

The action is brought to recover money alleged to have been paid by the plaintiff as surety for James Van Demark upon two notes, given by the latter to Luther James, and signed by the plaintiff together with Henry Van Demark, the testator, and Charles Van Demark, as co-sureties for the said James Van Demark; both notes bearing date March 20, 1847—one for $208.94, payable two years from date, with interest annually, and the other for $210, payable one year from date, with interest.

The plaintiff alleges he has paid both notes, with interest, and the action is brought to compel contribution from the estate of the testator, Henry Van Demark.

The complaint, after setting forth the above facts, together with the death of Henry Van Demark, and the granting of letters testamentary to the defendants, alleges that " none of which money has been repaid to this plaintiff by the said Henry Van Demark, or by these defendants, nor has the whole thereof, or of the whole of the portion of the same which this

plaintiff is entitled to collect of his co-sureties, been repaid to this plaintiff by any person, but part thereof is still due and payable to him from the defendants;" and concludes with a demand of judgment for $300, with interest from date.

The notice of motion asks that the complaint be made more definite and certain, by stating what part of the money paid by the plaintiff has been paid to him, and what part thereof is still due and payable to him from the defendants.

Before notice of this motion was served, the plaintiff's attorney served a notice upon the defendants' attorney, that, if no answer was put in, he would take judgment for only $80.75, and interest from date of notice.

WM. BURTON, *for defendants.*
CHARLES J. FOLGER, *for plaintiff.*

WELLES, Justice. There is no ground for this motion. The plaintiff alleges, in his complaint, that he has paid both the notes, and claims contribution from the estate of one of his co-sureties. After stating the giving of the notes by the principal debtor, their execution by the plaintiff, the testator and Charles Van Demark, as co-sureties, &c., and the payment of them by the plaintiff, he had stated facts entitling him to contribution from his co-sureties. The law settles the rest, and decides that he is entitled to recover of the defendants as the representatives of one of his co-sureties, one-third of what he had paid upon the notes, with interest.

It was unnecessary for the plaintiff to have gone further in his statement of facts. All else was matter of defence. He was not bound to say whether anything had been repaid to him, nor has he done so. He says, none of the money has been paid him by the testator or the defendants. He also denies that the whole, or the portion thereof which he is entitled to collect of his co-sureties, has been paid to him by any person, and says that part thereof is still due and payable from the defendants.

The defendants, in their notice of motion, and on the argument, ask what part has been paid him, and what part is due

from the defendants, and desire the answer to these questions to appear in the complaint. The defendants have no interest in the question, whether Charles Van Demark has contributed to the plaintiff his share of the money paid by the latter to discharge the notes. It is enough, for this case, that the share due from the estate of the testator is not paid.

The complaint states, that neither the testator nor the defendants have repaid him anything. It nowhere admits that their share, or any part of it, has been paid by any one. If anything has been paid on that account by any one other than the testator, or the defendants, it is, as before remarked, matter of defence, and need not be stated in the complaint.

For these reasons, the motion is denied, with $7 costs.