WILLIAM H. ASPINWALL, Respondent, v. GUSTAVE A. SACCHI, impleaded, etc., Appellant.

Where a stockholder of a corporation, organized under the act of 1852, providing for the incorporation of companies to navigate the ocean by steamboats (chap. 228, Laws of 1852), has been held liable under its provisions (§ 6) for a debt of the corporation, because of the failure of the president and directors to make and record a certificate that the capital stock has been paid in as required by the act (§ 7), he can maintain an action against the other stockholders for contribution.

It is no defence to such an action that the corporation was not legally organized; as to those who participated as stockholders in its acts of user as a corporation *de facto*, and who appeared as shareholders upon its books.

(Argued January 12, 1874; decided May term, 1874.)

APPEAL by defendant Sacchi from a judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 1 Lans., 381.)

This action was brought against defendants, who were stockholders with plaintiff in the Mexican Ocean Mail and Inland Company, for contribution.

The company was incorporated under the act for the incorporation of companies formed to navigate the ocean by steamships. (Chap. 228, Laws of 1852.) No certificate that the capital was paid in was filed as required by section 7 of said act. The corporation became insolvent; various judgments were obtained against it; suits were brought thereon

against plaintiff, as stockholder, and he was held liable. Judgments were obtained which were paid by him; and for contribution toward the sums so paid this action was brought. The referee directed judgments against each of the defendants for their respective aliquot proportions of the sums so paid. Judgments were entered accordingly.

Further facts appear in the opinion.

*Marcus T. Hun* for the appellant. The stockholders of this corporation were not partners, and their liability cannot be determined upon principles governing the partnership relation. (*Young* v. *N. Y., etc., Stshp. Co.*, 15 Abb. Pr., 69–75; *Pratt* v. *Bacon*, 10 Pick., 126; 50 N. Y., 180.) The liability of each stockholder being distinct and different from that of any other, this action for contribution cannot be maintained. (*Coope* v. *Twynam*, 1 T. & .R., 426; 12 Eng. Ch., 425; *Underhill* v. *Horwood*, 10 Ves., 209–226; *Murray* v. *Bogert*, 14 J. R., 318, 322; *Rogers* v. *Hosack's Exrs.*, 18 Wend., 338.) The liability of the stockholders imposed by section 6, chapter 228, Laws 1852, is in the nature of a penalty. (*Mer. Bk.* v. *Bliss,* 35 N. Y., 416; *Briggs* v. *Penniman*, 8 Cow., 386, 387; *Cable* v. *McCann*, 26 Mo. [5 Jones], 380; *Windham Prov. Inst.* v. *Sprague*, 43 Vt., 502, 511; *Atty.-Gen.* v. *Corp. of Leeds*, 4 Jur., 1174; *Muller* v. *Fenton*, 11 Paige, 18; *Andrews* v. *Murray*, 33 Barb., 354; *Nimmons* v. *Tappan*, 2 Swe., 659; *Dabney* v. *Stevens*, id., 424; *Vincent* v. *Sands*, 62 Barb., 370; *Briggs* v. *Easterley*, id., 60.)

*Amasa J. Parker* for the respondent. Plaintiff is entitled to contribution against the other stockholders for the debts of the corporation paid by him. (*Campbell* v. *Mesier*, 4 J. Ch., 337, 338; *Deering* v. *Ld. Winchelsea*, 1 Cox Cas., 319; S. C., 2 B. & P., 270; *Spottiswood's case*, 39 Eng. L. and Eq., 535; *Norton* v. *Coons*, 6 N. Y., 33; *Breckenridge* v. *Taylor*, 5 Dana, 110; *Barclay* v. *Taylor*, id., 157; *Kincaid* v. *Hooker*, 7 J. J. Marsh, 33; *Heath* v. *Ellis*, 12 Cush., 601; *Duprey* v.

*Johnson,* 1 Bibb., 572; *Owens* v. *Collinson,* 3 G. & J., 25; *Wooley* v. *Bath,* 2 C. & P., 417; Pothier, § 274; *Chipman* v. *Morrill,* 20 Cal., 130; *Matthews* v. *Albert,* 24 Md., 327; *Farrar* v. *Bevings,* 13 Rich. [S., C.] Eq. 25; *Wright* v. *McCormach,* 17 Ohio St., 86; *Olmsted* v. *Buskirk,* id., 113; *Slee* v. *Bloom,* 19 J. R., 456; S. C., 20 id., 669; 5 J. Ch., 366; *Hamborough* v. *Mer. Asso.,* 1 Kyd on Corp., 273; S. C., 1 Cas. in Ch., 204; *Andrews* v. *Callendar,* 13 Pick., 484; *Judson* v. *Rossie Galena Co.,* 9 Paige, 598; *Master* v. *Rossie L. M. Co.,* 2 Sandf. Ch., 305; *Briggs* v. *Penniman,* 8 Cow., 387; *Bailey* v. *Bancker,* 3 Hill, 191; *Garrison* v. *Howe,* 17 N. Y., 463, 464; approved, 50 id., 571; *Beers* v. *Waterbury,* 8 Bosw., 396.) The stockholders of the corporation are subject to the same liabilities and equities as if there had been no act of incorporation. (*Corning* v. *McCullough,* 1 Comst., 47; *Allen* v. *Sewell,* 2 Hill, 227; *Ex parte Van Riper,* 20 Wend., 616; *Moss* v. *Oakley,* 2 Hill, 269; *Bailey* v. *Bancker,* 3 id., 188, 190, 191; *Hargar* v. *McCullough,* 2 Den., 123; *Morrall* v. *Judson,* 5 Barb., 210; *Abbott* v. *Aspinwall,* 26 id., 207; *Southmayd* v. *Russ,* 3 Conn., 52; *Beers* v. *Waterbury,* 8 Bosw., 396; *Simmons* v. *Sisson,* 26 N. Y., 264; *Story* v. *Furman,* 25 id., 221–223.) As partners the solvent stockholders must contribute for the shares of the insolvent ones. (*Hale* v. *Harrison,* 1 Ch. C., 246; 15 Finch, 203; *Walton* v. *Honeberg,* 2 Vern., 592; *Cowell* v. *Edwards,* 2 B. & P., 268; *Deering* v. *Earl of Winchelsea,* id., 274; 1 Cox, 318; *Hyde* v. *Tracy,* 2 Day, 492; Cas. in Eq. Ab., 114, tits. " Contribution " and " Average," 9, 10; Comyn's Dig., tit. " Chancery," § 2; Bouv. L. D., tit. " Contribution," 58; Story's Eq. Jur., §§ 494, 496, 497, 504; *Norton* v. *Coons,* 3 Den., 130; S. C., 6 N. Y., 33; *Andrews* v. *Murray,* 33 Barb., 354; *Parker* v. *Ellis,* 2 Sandf., 223; *Breckenridge* v. *Taylor,* 5 Dana, 110; *Bailey* v. *Taylor,* id., 157; *Kincaid* v. *Hooker,* 7 J. J. Marsh, 333; *Skinner* v. *Dayton,* 19 J. R., 513; *Errickson* v. *Nesmith,* 46 N. H., 371.) The stockholders must contribute not only for the damages but for the costs of plaintiff in defending the suits brought against him

as a stockholder. (*Brown* v. *Gibbons*, 5 Brown P. Cas., 491; 2 Coll. on Part., 287.) Contribution to the respective debts of the corporation and the cost paid by plaintiff, should be made by those who were stockholders at the respective times when these debts were created. (*Moss* v. *Oakley*, 2 Hill, 265; *Judson* v. *Rossie Galena Co.*, 9 Paige, 598; *Cushman* v. *Shepard*, 4 Barb., 113.)

EARL, C. The Mexican Ocean Mail and Inland Company was organized as a corporation under the act, chapter 228 of the Laws of 1852. Section 5 of the act provides, that the stockholders of any corporation organized under the act shall be jointly and severally, individually liable for all debts that may be due and owing to all laborers and operatives for services performed for such corporation. Section 6 provides that the stockholders "shall be severally, individually liable to the creditors of such corporation, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such corporation, until the amount of its capital stock shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section." Section 7 provides, that "the president and a majority of the directors of any such corporation, within thirty days after the payment of the last installment of the capital stock of such corporation, shall make a certificate, stating the amount of the capital stock of the corporation, and that the same is paid in, which certificate shall be signed and sworn to by a majority of the directors; and they shall, within the said thirty days, record the same in the office of the clerk of the county in which is located the principal business office of such corporation." In this case, the capital stock was never paid in, and the certificate was never made or recorded.

Under section 5, laborers and operatives are favored creditors, and to them, the stockholders are made at all times jointly and severally liable, although the capital stock has been wholly paid in. Under section 6, the individual liability

of stockholders is continued only until the capital has been fully paid in and the certificate made and recorded. It does not cease when the capital has all been paid in, but only when the certificate has also been made and recorded.

It is not important, to determine in this case, whether such stockholders are liable as sureties for the corporation, or as principal debtors, because in either case, the right to contribution must depend upon the same principles, and if it exist in the one case it must in the other. There is, however, authority for holding that the liability is that of principal debtors. (*Hargar* v. *McCullough*, 2 Denio, 119, and cases cited.)

This liability is not in the nature of a penalty for a breach of duty. The stockholders may have done their whole duty, may have paid fully for their stock, and the liability may still be incurred, because the directors have not made and filed the certificate.

In this case, the plaintiff being a stockholder of the company, was made liable to creditors who had exhausted their remedies against the company under section 6. He was not made liable because he had not paid for his stock, and could not have been. Indeed, it does not appear whether he had paid for his stock or not, and there is no finding upon the subject. He thus discharged a burden which rested equally, in proportion to their stock, upon all the other stockholders; and the principal question for us to determine is, whether in such a case equity will compel contribution. Here, by the statute, all the stockholders are made individually liable for the debts of the company; and the liability is the same in effect, as if every stockholder had executed a separate bond, binding himself to pay the debts upon the conditions specified in the act. In such case, I consider it settled, both upon principle and authority, that contribution will be compelled in equity.

The doctrine of contribution rests on the principle that when the parties stand in *equali jure*, the law requires equality which is equity, and one of them shall not be

obliged to bear the burden in ease of the rest. It is founded, not on contract, but on the principle that equality of burden as to common right, is equity. And the obligation to contribute arises from the nature of the relation between the parties. (*Campbell* v. *Mesier*, 4 John. Ch., 334.) It is said in 1 Hare & Wallace's edition of Leading Cases in Equity, 105, that "it has been uniformly declared and fully acted upon in the Courts of Chancery in this country, that the claim for contribution among co-sureties, as well as the claim for indemnity on the part of the surety against the principal is founded, not upon contract, but upon a principle of natural equity and justice; the maxim adopted in regard to co-sureties being that equality is equity among persons standing in the same situation." Story, in his Equity Jurisprudence, section 493, says, " the claim for contribution certainly has its foundation in the clearest principles of natural justice; for, as all are equally bound and are equally released, it seems but just that in such a case all should contribute in proportion toward a benefit obtained by all; that, the doctrine has an equal foundation in morals, since no one ought to profit by another's loss where he himself has incurred a like responsibility." And in section 495, he says: "It matters not, in case of a debt, whether the sureties are jointly and severally bound, or only severally ; or whether their suretyship arises under the same obligation or instrument, or under divers obligations or instruments, if all the instruments are for the same identical debt." The doctrine of contribution received a very thorough discussion in the leading case of *Irving* v. *Earl of Winchelsea* (2 B. & P., 270). That was a case where the sureties were bound by three separate instruments for the same principal and the same engagement. There the same objection was made as here, that contribution could not be demanded between obligors of distinct and separate obligations; but it was held otherwise, and the law was laid down that the doctrine of contribution did not depend upon contract, but was bottomed and founded on general principles of justice. Lord Chief Baron EYRE says of contribution: " Can

it be necessary to resort to the circumstance of a joint bond? What if they are jointly and severally bound? What difference will it make if they are severally bound, and by different instruments, but for the same principal and the same engagement? In all these cases the sureties have a common interest and a common burden; they are joined by the common end and purport of their several obligations, as much as if they were joined in one instrument, with this difference only, that the penalties will ascertain the proportion in which they are to contribute; whereas, if they had joined in one bond, it must have depended on other circumstances." That case has frequently been cited with approval by elementary writers and judges in this country, and has, so far as I can discover, never been questioned here as authority. (*Norton* v. *Coons*, 3 Denio, 130.) It has also been followed in England. It decided, for the first time, that there is no difference whether the parties are bound in the same, or by different instruments, provided they are co-securities for the same principal and the same engagement; and further, that there is no difference if they are bound in different-sums, except that contribution cannot be required beyond the sum for which they had become bound. In *Croythorn* v. *Swinburn* (14 Ves., 169), Lord ELDON said he argued that case, and that he was much dissatisfied with the whole proceeding and with the judgment; but he had been since convinced that the decision was upon right principles. (See, also, *Sterling* v. *Forrester*, 3 Bligh, 59; *Hartly* v. *O'Flaherty*, 1 Beat., 77; *Ware* v. *Harwood*, 14 Ves., 31; *Mayhew* v. *Crockett*, 2 Swanst., 189.)

It will thus be seen that it is no answer to a claim for contribution that it cannot be based upon any contract, that the parties are severally and not jointly bound, that they are bound by separate instruments, that they are liable for the same debt or obligation in different amounts, that it can make no difference whether they be principal debtors or mere sureties, and that the doctrine of contribution rests upon the broad principle of justice, that when one has discharged a

debt or obligation, which others were equally bound with him to discharge, and thus removed a common burden, the others who have received a benefit ought, in conscience, to refund to him a ratable proportion. This is, therefore, a proper case for contribution.

There is one other objection, however, to the recovery, which I will notice. It is claimed by the counsel for the appellant, that the Mexican Ocean Mail and Inland Company was never legally incorporated, and hence, that the defendant did not incur the statute liability to pay its debts. It is claimed that ten per cent of the capital stock had never been paid in, as required by section 2 of the general act authorizing the formation of such companies. The appellant was one of the original corporators, and seems to have acted as a member of the company, and appears upon its books as a shareholder. The company entered upon its business and acted as a corporation, and hence it was, at least, a *de facto* corporation. It was decided in reference to this very corporation, in *Eaton* v. *Aspinwall* (19 N. Y., 119), that a defect in the proceedings to organize a corporation is no defence to a stockholder sued to enforce his individual liability, who has participated in its acts of user as a corporation *de facto*, and appeared as a stockholder upon its books, when the debt for which he is sued was contracted. (See, also, *Buffalo and Allegany Railroad Company* v. *Carey*, 26 N. Y., 75.) Hence, in this case, the shareholders were all just as much liable for the debts, as they would have been if there had been a corporation *de jure*. The debts, therefore, rested upon the shareholders as a common burden, and, the plaintiff having discharged them, for reasons above stated, is entitled to contribution.

The judgment must, therefore, be affirmed with costs.

All concur.

Judgment affirmed.