BENJAMIN L. HOYT AND AUGUSTUS W. FRANKLIN, AS ADMINISTRATORS, ETC., OF BENEDICT W. FRANKLIN, DECEASED, APPELLANTS, *v.* HENRY TUTHILL AND OTHERS, RESPONDENTS.

*Contribution — an obligor may bring an action in equity to compel contributions from co-obligors — when the request of co-obligors to make the payment need not be proved — release of one co-obligor does not release the others — if the action brought is an equitable one the ten-year statute of limitations applies.*

The plaintiffs' intestate with five others purchased certain real estate and gave to their grantor their joint and several bond, together with a mortgage on the said premises, to secure a portion of the purchase-price. In 1872, 1873 and 1874 the plaintiffs' intestate paid installments falling due upon the obligations and taxes and interest. January 8, 1876, the premises were sold upon the foreclosure of the said mortgage and were purchased by the plaintiffs' intestate. This action was commenced in October, 1881, to compel all the other obligors, except one who had been released by the deceased, to contribute their proportionate share of the amount which the deceased had been compelled to pay.

*Held,* that although the liability of each defendant might have been enforced in a separate action at law, yet that the plaintiffs might, for the purpose of preventing a multiplicity of actions, join all the co-obligors in a single action in equity.

That it was not necessary for the plaintiffs to show that their intestate paid at the express request of the co-obligors, or of either of them.

That as the obligation to contribute was several in its nature the release of one of the obligors by the deceased did not release the others.

That even if the plaintiffs' intestate by the purchase of the property at the foreclosure sale became, as to it, a trustee for his co-obligors, this fact furnished no defense to this action brought to compel contribution as to payments made by him prior to the time of such purchase.

That as it was proper for the plaintiffs to bring an action in equity instead of at law, the ten and not the six years' limitation applied, and that they were entitled to recover for payments made more than six years prior to the commencement of the action.

APPEAL from a judgment, entered on a decision made at the Yates Special Term on the trial of an action in equity.

On the 27th day of December, 1870, Benedict W. Franklin (the plaintiffs' intestate), Horatio W. Perkins, George B. Page, E. Darwin Tuthill, Henry Tuthill and William H. Fox purchased jointly a lot of land, in the village of Penn Yan, from Samuel F. Curtis, agreeing to pay therefor $3,000, and received a warranty deed of the premises. Thereafter the grantees paid $500 of the purchase-price, and on the 31st day of December, 1870, they duly executed, acknowledged and delivered to Curtis their joint and several bond conditioned for the payment of $2,500, the balance of the purchase-price, "in five equal annual payments from and after the 1st day of January, 1871," and secured the payment thereof by a mortgage upon the premises.

When the first payment of principal and interest, amounting to $675, fell due in January, 1872, Benedict W. Franklin paid it from his own individual funds, and the same is true of the payments which respectively became due in January, 1873, and January, 1874, amounting to $640 and $605 respectively. Failing to pay the installments of principal and interest, which by the terms of the bond and mortgage became due in January, 1875, an action of foreclosure was commenced by Murdock, the then owner of the bond and mortgage, in the month of November, 1875, in which action the said obligors, were each and every of them made parties defendant and served with process, and the premises were, January 8, 1876, sold under a judgment of foreclosure to the plaintiffs' intestate. Franklin paid all the taxes and assessments levied on

the premises down to and including the year 1875. The said Bene-
dict W. Franklin died intestate in December, 1877, and the plaintiffs
were duly appointed and qualified as administrators of his estate.
This action was commenced in October, 1881, to compel contribu-
tion from the defendants.

*M. A. Leary, Delos McCurdy* and *B. W. Franklin*, for the
appellants.

*W. F. Cogswell*, of counsel, for the respondents.

SMITH, P. J.:

The plaintiffs' intestate, one of several obligors and mortgagors
who were jointly and severally bound by the express terms of their
obligation, having made payments in reduction of the mortgage
debt, this action is brought against all the other obligors, except one
who has been released, to compel contribution.

The action is one of equitable cognizance, the enforcement of
contribution in cases of this nature being a very important and
beneficial exercise of equity jurisdicton. (Story's Eq. Jur., §§ 483,
484, 485, and cases cited in notes.) All the persons liable are prop-
erly made parties in order that their several interests may be adjusted
and the amounts for which they are respectively liable may be ascer-
tained. Besides, although the liability of each defendant for his
quota is several and may be enforced in an action at law (*Cowell* v.
*Edward*, 2 B. & P., 268), yet where the co-obligors are numerous
they may be joined in one action in equity to prevent multiplicity
of suits. (*Craythorne* v. *Swinburne*, 14 Ves., 160; 3 Pomeroy on
Eq. Jur., § 1418 and note [1], and cases there cited.)

For the purpose of establishing a right to compel contribution, it
is not necessary for the plaintiff to show that he paid at the express
request of the defendants, or either of them, provided the right is
made out in other respects. If the defendants were equally liable
for the debt with himself, contribution will be compelled upon the
principle that equality is equity (*Aspinwall* v. *Sacchi*, 57 N. Y.,
331), and no request from them is necessary, or if necessary a request
will be implied.

The plaintiffs have brought themselves fully within these rules.
Their testator paid certain installments on the joint bond and mort-

gage when they became due, and also taxes upon the premises, and the claim is that each of the defendants shall be compelled to contribute his share of the moneys so paid.

It is urged by way of defense that the release of Mr. Perkins, one of the obligors, discharged the others. But the contract or obligation to contribute being several, one of several co-obligors may be released without discharging the others. (Pars. on Cont. [6th ed.], 34, 35.)

It is suggested, too, by the defendants' counsel that the plaintiffs' intestate by purchasing the mortgaged property at the foreclosure sale became a trustee for his co-obligors. We do not think it necessary to consider that question on this appeal. If the intestate became the trustee of his co-obligors, the bare fact is no defense to the claim for contribution in respect to payments made by him before he became trustee. It may be that he or his representatives have received moneys in the use of the property, or as a profit in the purchase in which his co-obligors are entitled to share; but those are questions that do not appear to have been gone into at the trial.

It is also contended for the defense that the action is barred by the statute of limitations. That depends on whether the six-year or the ten-year limitation applies. We have seen that an action at law would lie against each of the obligors separately to recover his quota, and of course such an action would be within the six-year statute. In general where there is a legal and an equitable remedy in respect to the same subject matter the latter is under the control of the same statute bar as the former. (*Borst* v. *Corey*, 15 N. Y., 505; *Rundle* v. *Allison*, 34 id., 180.) But the statute bar applicable to equitable remedies will be applied where the legal remedy is imperfect (*Rundle* v. *Allison*, *supra*), or where the right sought to be enforced by the equitable remedy is not a mere incident of the right attainable at law, as was the case in *Borst* v. *Corey* (*supra*), but is distinct from and independent thereof and not within the cognizance of a court of law. An instance of the latter class of actions is *Scott* v. *Stebbins* (27 Hun, 335; affirmed by the Court of Appeals, 91 N. Y., 605). In the present case it was necessary for the plaintiffs to resort to a court of equity, where alone all the parties could be brought into one action for the purpose of adjusting their

respective interests and ascertaining the amount for which they are severally liable, and compelling contribution from each by one decree, thus avoiding a multiplicity of suits. And if, as is suggested by the defendants' counsel, the plaintiffs' intestate became a trustee for his co-obligors and an accounting is necessary to determine the equities of the respective parties, that circumstance of itself makes the case one of equitable cognizance exclusively. As the action was brought within ten years after the cause of action accrued it is not barred.

We think the judgment dismissing the complaint should be reversed and a new trial ordered, costs to abide event.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Judgment reversed and a new trial ordered, costs to abide event.