Bradley, J.
The action is brought to recover, by way of contribution, portions of sums of money alleged to have been paid by the plaintiff on account of notes alleged to have been made by him and the defendant, upon which their liability assumed was equal in degree and to which their relation as between themselves was the same. The-defendant and his two brothers, Theron and George 0. Marshall, were the owners of a farm, which came to them by descent on the death of their father, John Marshall (which occured in 1872), subject to a mortgage which he in his lifetime had given to one Tifft. In May, 1874, the plaintiff was appointed committee of the person and estate of George 0. Marshall, and qualified, and entered upon the performance of his duties as such; and the same year he, with the assent of the defendant and his brother Theron, rented the farm to one Starks, to work it on shares, who so worked it four years. The referee has found that on April 1, 1875, the plaintiff and defendant on payment of that *234 amount of interest upon the Tifft mortgage, made to him their promissory note, by which they jointly and severally promised to pay him $161.21 one day after its date, upon which the plaintiff paid in April, 1877, $22.50, and in April, 1880, $33.43; that on May 1, 1877, the plaintiff and defendant made another promissory note by which they promised to one Maynard $150, with interest, which was afterwards transferred to Tifft, and upon which the defendant paid $30.25 in April, 1880, and $60.50 in June, 1880; that in April, 1881, Tifft recovered a judgment against the makers of those two notes for the balance remaining unpaid upon them, amounting to $266.17 and $18.72 costs, which was after-wards paid by the plaintiff; that the note to Maynard was given for professional services as a lawyer, performed by him in the defense of an action brought against George 0. Marshall, in which the plaintiff, as such committee, was made defendant by supplemental complaint, and Maynard acted as his attorney; that in March, 1878, the plaintiff and defendant made their other promissory note, by which they jointly and severally promised to pay one Hawkins $100; that this note was given in satisfaction of a debt due from George 0. Marshall; that in 1882 judgment was recovered on such note against the makers for $131.43, and $22.31 costs, which the plaintiff was compelled to and did pay. These constitute the liabilities discharged and the sums paid, for which the plaintiff seeks to obtain contribution from the defendant.
The referee determined that it was the duty of the plaintiff to pay the note to Tifft from the proceeds of the farm, and that as the plaintiff was committee of the person and estate of George 0. Marshall, he, as between himself and defendant, must be deemed the principal and the latter surety, on the notes to Maynard and Hawkins.
The doctrine of contribution rests on the principle that where parties stand equal in right and duty in their relation to the subject of the burthen, and to each other, the law requires equality, which is equity, and that each shall bear his proportion of it. And when one so situated has been required to, and has performed or paid more than his share of the legal duty or obligation, he may have relief against the other, either in an action at law, or in equity. Campbell v. Mesier, 4 Johns Ch., 334; Aspinwall v. Sacchi, 57 N. Y., 331, 335; Wells v. Miller, 66 id., 255.
The referee has not found, and it is not alleged, nor does it appear by the evidence, that the defendant signed these notes at the request of the plaintiff. And, therefore, the question whether the defendant is, or is not, hable to contribute, depends upon their relation as between themselves to the liabilities assumed at the time the notes were made *235 or upon circumstances arising since, affecting such relation. It is difficult to see that the fact that the plaintiff received the proceeds of the farm constitutes a defense in respect to the Tifft note, given for interest upon the mortgage. The plaintiff had assumed no duty to pay the interest on the mortgage. He had no relation to the farm which required it. As committee, he represented the interest of George, who was a tenant in common with his two brothers. And so far as appears here, he was required to account to the latter for two-thirds of the proceeds of the farm, which, during the four years referred to, came to his hands.
It does not seems important in this action, that he may have paid the note given for the interest,and charged the two brother with two-thirds of the amount so paid. He was not required nor did he undertake to do so.
In respect to the note made to Maynard, the parties made it on account of the expense of the defense of an action commenced against George, into which the plaintiff was brought as committee. If he became personally liable to Maynard for professional services for the defense "of the action, and the note was made on account of such liability, it may be seen that the relation between him and the defendant on that note was that of principal and surety. Otherwise it might present a question depending upon the circumstances under which the note was made. And if it had priority of charge upon the estate of the lunatic, and the plaintiff had the means by way of indemnity and with which to pay it, that fact might impose upon him the duty to discharge it in that manner, and thus relieve the defendant. The fact, as found, that the defendant paid ninety dollars on that note is not entirely consistent with his understanding that the situation was such.
The fact that the note to Hawkins was to pay a debt which George owed, did not of itself give to the defendant the relation of surety as between him and the plaintiff. The note was made for the benefit of George, and if his estate was sufficient the debt should be paid from it.
But this liability assumed, it seems, discharged the debt, and the makers of the note took their place with other creditors (if any) of George. And it does not follow as a matter of course that they were entitled to payment from the estate of the amount of the note, or that the plaintiff as committee, had the means in his hands with which to pay it. The situation and condition of the estate may require that an accounting be had to ascertain whether there is any, and what amount applicable to the debts of the lunatic.
The makers of the note were in practical effect sureties for him, or in behalf of his estate. The proposition that a surety can not maintain an action for contribution against *236 his co-security without mating it appear that the principal is insolvent, or that he has been unable to collect of him, although the rule is such in some of the states, is against the weight of authority, and especially so in actions at law, and has not been adopted in this state. Roberts v. Adams, 6 Porter, 361; S. C., 31 Am. Dec., 694; Odlin v. Greenleaf, 3 N. H., 270; Chaffee v. Jones, 19 Pick., 260; Morgan v. Smith, 70 N. Y., 537; Johnson v. Harvey, 84 id., 363.
¡Nor is the fact in such case any defense for the co-surety, that the plaintiff is indebted to the principal debtor in a sum of sufficient amount to pay the debt for which the parties are sureties. Davis v. Toulmin, 77 N Y., 280.
But indemnity furnished by the principal to one surety is held for the Benefit of all the sureties. And the relinquishment of it by him without their consent is a defense in an action by him against his co-sureties for contribution. Taylor v. Morrison, 26 Ala., N. S., 728; S. C., 62 Am. Dec., 747; Ramsey v. Lewis, 30 Barb., 408; Bachelder v.Fiske, 17 Mass., 464. It maybe seen upon the findings of the referee, that the defendant was not liable to contribute to the plaintiff for money paid on the Maynard note, by reason of the personal liability of the defendant to the attorney for his services. Austin v. Munro, 47 N. Y., 360.
But it does not appear that the same rule is applicable to the other two notes. There was no personal liability of the plaintiff as committee to pay the debts for which those two notes were given, nor was it any part of his duty as such to give his notes for their payment.
Elis duty was to account for the estate which came to his hands as committee, and if sufficient, to pay with it the debts against his ward.
For aught that appears, the same reason that induced him to make the notes, led the defendant, as brother of the lunatic, to join in them.
They both may have believed that his estate would enable the committee to discharge the liability thus incurred.
The question here is, whether in assuming the liability upon the notes their relations as between themselves to the debt thus assumed were equal. . They evidently were, unless the plaintiff had in his hands the means which it was his duty to apply to their extinguishment. The latter fact does not appear.
It may be proper to stay the trial of this action until an accounting can be had and the situation made to appear, from which, if it permits, the defendant may have relief against the claim made by the plaintiff. O’Blenis v. Haring, 57 N. Y., 649.
But upon the case as presented by the record, the judg *237 ment must be reversed and a new trial granted, costs to abide the event.
Smith, P. J., and Haight, J., concur.