Per Curiam.
We think the opinion of the learned justice who decided this case is quite satisfactory. We have examined the cases cited by the appellant and see nothing: in them to change this view. The statute requires both the payment of the stock m full and the making and recording or the certificate. While the recording may be a merely official act of the county clerk the making and delivering for record are acts imposed on the president and a majority of the trustees. The demurrer admits that in this case they made no certificate.
Nor do we think that these sections are repealed by the effect of chapter 363, Laws of 1870, and chapter 149, Laws of 1874.
There is no occasion to add anything more to the opinion of the special term.
Judgment affirmed with costs, with the usual leave to withdraw demurrer and to answer on payment of costs.
*672 The following is the special term opinion referred to above:
Edwards, J.
This action is brought against the defendants as stockholders of the Citizens’ Knitting Company to enjoin a personal liability against them under sections 10 and 11 of chapter 40 of the Laws of 1848.. The complaint alleges that the Citizens’ Knitting Company was duly incorporated in 1883 under the general manufacturing act of 1848, and was located and doing business in Valatie, N. Y., from 1883 to October, 1888. That on or after June 1, 1886, the plaintiffs, as co-partners, sold and delivered coal ' to the said company of the value and at the agreed price of $944.63, which became due on December 1, 1886 and also paid and expended for said company and at its request since October 15,1886, $31.50; that on October 15, 1887, the plaintiffs commenced an action against the said company for this claim and judgment thereon was duly obtained on November 30, 1887, upon which an execution was duly issued and returned unsatisfied. It also alleges, “that the president and a majority of the trustees of the said Citizens’ Knitting Company did not within thirty days after the payment of the last installment of its capital stock, make a certificate stating the amount of capital fixed and limited by said company and paid in, signed and sworn to by the president and a majority of the trustees of said company, nor did they make such certificate, nor record it in the office of the county clerk of the county of Columbia prior to the time of the insolvency of said company, viz: October 15, 1887; that the defendants are stockholders of said company, and were during the time the indebtedness from the company to the plaintiffs was incurred, and owned and now -own certain amounts of stock which were to be paid for in -cash, the number of shares and the par value of which are -set forth opposite the names of the defendants respectively. The complaint demands judgment for the amount of plaintiffs’ claim, to be collected against each of said defendants in such amounts as shall equal the amount of stock held by them respectively. ’ ’
Does this complaint state a sufficient cause of action ? This is the question raised by the demurrer of the defendants, Tallmadge and Nixdorf.
Section 10 of chapter 40 of the Laws of 1848, under which this action is brought, reads as follows: “All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all -debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company *673 shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following ■section.”
Section 11 of said act requires that “the president and a majority of the trustees, within thirty days after the payment of the last installment of the capital stock so fixed and limited by the company, shall make a certificate stating the amount of the capital so fixed and paid in, which certificate •shall be signed and sworn to by the president and a majority of the trustees; and they shall within the said thirty days rec•ord the same in the office of the county clerk of the county wherein the business of the said company is carried on.”
There is no allegation in the complaint that the whole amount of capital stock fixed and limited by said company has not been paid in, and we must assume therefore that there has been no omission on the part of the stockholders in that report, but there is a distinct allegation that the president and a majority of the trustees did not make and record the certificate required by the statutes, and it" is ■ evident that this omission is the ground on which the plaintiffs base their right to recover the amount of their debt ■against the stockholders individually.
Section 24 of the act provides that the stockholders shall not •be personally liable for a debt contracted by the company which is not to be paid within one year from the time the •debt is contracted, norunless a suit for the collection of such ■debt shall be brought against the company within one year after the debt shall become due. The complaint alleges that the debt was contracted on and after June 1, 1886, that it became due on December 1, 1886, and that suit was brought thereon against the company within one year thereafter. .'It also alleges the return of an execution against the company, unsatisfied, required by section 24, as preliminary to a ■suit against a stockholder. We recur, then, to the main question raised by the demurrer, viz.; Is a stockholder individually liable for the debts of a company by reason of the •omission to make and record the certificate?
The statute (section 10) imposes an individual liability on the stockholders until the whole amount of capital stock Hxed and limited by such company shall have been paid in, -and a certificate thereof shall have been made and recorded as prescribed in the following section. From this it would ,seem plain that neither the paying in of the capital stock nor the making and recording of the certificates alone exonerates the stockholders from personal liability; that both are required, and the one is as imperative as the other. But the contention of defendants’ counsel is that the liability of the stockholder terminates when the whole amount of the •capital stock has been paid in. We have examined the au *674 thorities cited by him, and do not think they support such a. construction of the statutes. In Brown v. Smith (13 Hun, 408; affirmed in 80 N. Y., 650), the defendant was a holder of stock issued for property under chapter 333 of Laws of 1853, and the court there held that such a stockholder was on a different footing from a holder of stock issued for cash, and was by the terms of the act exonerated from the liability to creditors imposed by section 10 of the Act of 1848, In Woodruff & Beach Iron Works v. Chittenden (4 Bos. 415), this question was not raised, and so far as the remark of the court cited by defendants’ counsel that the stockholders are severally liable “until the event happens which by section 10 of the act of 1848, chapter 40, terminates such liability,” has any significance. In this case it sustains the view opposite to that contended for by defendants’ counsel, for the “event” provided for by “section 10” is the paying in of the stock and the making and recording of the certificate. In Veeder v. Mudgett (95 N. Y , 295), the certificate was not recorded through failure of the clerk to whom it had been delivered, and the court says: “We agree with the learned referee that the thirty-day clause in section 11 is directory merely, and that upon the fact found by him that the omission to record was wholly the fault of the clerk who was directed to make the record, the defendants are not to be prejudiced by the omission. Their duty was done.” This is cited by defendants to show that the recording of the certificate provided for in section 11 is directory merely. Grant it. It does not follow that the stockholder is therefore relieved from his liability to the creditors of the company. If this were the effect of the omission to record, the statute would in substance provide that a stockholder of a company shall be individually liable unless a certificate that the capital stock has been paid in shall be made and recorded; but, in case such certificate is not made and recorded, the stockholder shall not be liable. In Aspimuall v. Sacchi (57 N. Y., 331), the corporation was organized under chapter 228 of the Laws of 1852. Sections 6 and 7 of that act, in respect to the individual liability of stockholders, are precisely the same in substance as sections 10 and 11 of the Laws of 1848, and the language is almost identical. The court there says: “ Under section 6 the individual liability of stockholders is continued only until capital has been fully paid in and the certificate made and recorded. It does not cease when the capital has all been paid in, but only when the certificate has been made and recorded.” “ This liability is not in the nature of a penalty for a breach of duty. The stockholders may have done their whole duty, may have fully paid for their stock, and the liability may still be incurred because the directors have not made and filed the certificate.” To the same effect is Chase v Lord (77 N. Y., 7), and various other authorities.
However severe may seem the penalty imposed upon stockholders for the trustees’ omission of duty, we cannot *675 avoid the conclusion that under section 10 two things are requisite and equally requisite to terminate the liability of the stockholders, viz: the whole amount of the capital stock must be paid in and the certificate of that fact must be made and recorded.
It is further urged by the defendants’ counsel that it appears by the complaint that the company was incorporated in 1883; that the certificate of paid up capital stock was not made and recorded within two years thereafter, and therefore the corporation became dissolved by operation of law in 1885, and hence this action is not maintainable. To this it may be answered.
First—The statute (section 10) does not declare that the corporation shall be dissolved by reason of failure to make and record the certificate, but for omission to pay in the capital stock within two years from the incorporation; the language is “and the capital stock so fixed and limited shall all be paid in, one-half thereof within one year and the other half thereof within two years from the incorporation of said company or such corporation shall be dissolved.”
Second—If the failure to make and sign the certificate were a cause for dissolution the corporation was not ipso facto dissolved. It is well settled that the dissolution of a corporation must be judicially ascertained and declared. There are cases when the corporation has been divested of all property and has for so long a time ceased to exercise any of its corporate franchises that for certain purposes it has been deemed to be virtually dissolved, but those cases have no application to the facts of this case as set forth in. the complaint. The demurrer must be overruled with leave to plead anew on payment of costs of the demurrer.