NATIONAL CITIZENS' BANK OF THE CITY OF NEW YORK, Respondent, *v.* EMMA IDA TOPLITZ, Appellant.

PROMISSORY NOTE — WHEN CONSIDERATION FOR EXTENSION OF TIME OF PAYMENT MUST BE PLEADED. A valid consideration is an essential element of an agreement, after maturity, to extend the time of payment of a promissory note such as will discharge a surety thereon; and in an action upon the note, if such an agreement is relied upon as a defense, the consideration therefor must be pleaded and proved.

*National Citizens' Bank* v. *Toplitz*, 81 App. Div. 593, affirmed.

(Argued April 4, 1904; decided May 31, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1903, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The action is brought to recover the balance due on a promissory note made by the defendant on the 26th day of December, 1899, to the order of L. Toplitz, Son & Co., for $5,000.00, payable in five months after date. The payees and indorsers of the note are the defendant's sons, and the note was discounted by the Ninth National Bank of New York from which the plaintiff herein derived its title.

The answer of the defendant alleges, in substance, that she signed the note for the accommodation of the payees without consideration; that with knowledge of this fact the Ninth National Bank discounted the note for value; that after the maturity of the note the Ninth National Bank, without the consent or knowledge of the defendant, "entered into an agreement with the said firm of L. Toplitz, Son & Co., whereby it extended the time to said firm  *  *  *  for the payment of said promissory note for a definite time, and agreed to and with the said firm that for a certain fixed time it would not collect or enforce payment of said note as against said firm."

Upon the trial the plaintiff admitted all the facts set up in the answer, as well as the repetition thereof in the opening of defendant's counsel, and then asked for the direction of a verdict in favor of the plaintiff. This motion was granted and the defendant excepted.

*Richard L. Sweezy* for appellant. The relation of the defendant, as an accommodation maker, to the transaction resulting in the discounting of the note in question, was that of surety, and the extension by the holder of the note, of the time of the indorsers, who were, in fact, the principal debtors, without the consent of the defendant, discharged the latter. (*Grow* v. *Garlock*, 97 N. Y. 81; *Hubbard* v. *Gurney*, 64 N. Y. 457; *Colgrove* v. *Tallman*, 67 N. Y. 95; *Millerd* v. *Thorn*, 56 N. Y. 402; *Leschen* v. *Gray*, 149 Ind. 17; *Marsh* v.

30

*Consolidation Bank,* 48 Penn. St. 510 ;  Brandt on Suretyship
[2d ed.], § 29.)

*C harles Blandy* and *Frederick A. Card* for respondent.
The judgment was properly directed.   The grounds stated by
defendant's counsel do not constitute a defense.   (*Delaware
Co.* v. *T. Ins. Co.,* 199 Penn. St. 17 ;  *Strong* v. *Foster,* 17 C. B.
201.)   There was no evidence offered by defendant that
any valid or binding extension of time was given to the payees.
(*Olmstead* v. *Latimer,* 158 N. Y. 313 ;  *Carpenter* v. *Taylor,*
104 N. Y. 171 ;  *Nat. Bank* v. *Bigler,* 83 N. Y. 51.)

W ERNER , J.   The learned trial court and the Appellate
Division were of the opinion that under sections 3 and 55 of
the Negotiable Instruments Law (L. 1897, ch. 612), the facts
set forth in the answer did not constitute a defense.   The
question whether these sections of the statute referred to have
made a change in the liability assumed by an accommodation
maker of a promissory note, is an interesting one which we do
not deem it necessary to discuss at this time, because we have
reached the conclusion that the answer does not present a legal
defense in any aspect of the case.   The defendant claims to
be released from liability on the note in question because the
holder thereof, with knowledge of the fact that she was an
accommodation maker and merely a surety for the payees,
gave the latter an extension of time of payment without
defendant's knowledge or consent.

Prior to the enactment of the Negotiable Instruments Law
it was the well-settled rule in this state that a valid and bind-
ing agreement to extend the time of payment between the
holder of a promissory note and the principal debtor, without
the knowledge or consent of the surety, operated to release
the latter, provided the holder knew of his true relation to the
note.   Whether that rule has been changed by the Negotiable
Instruments Law is a question that will have to be decided
when it is fairly presented.   To have the effect of discharg-
ing the surety, however, it has always been the rule that such

an agreement must be upon a valid consideration and must be sufficient to preclude the creditor, during the extended period, from enforcing the debt against the principal. (*Olmstead* v. *Latimer*, 158 N. Y. 313.) The answer of the defendant and her counsel's opening address disclose that an agreement was made between the plaintiff and the principal debtors for an extension of time, but there is neither allegation nor statement of any consideration for such agreement. That a valid consideration is an essential element of such an agreement cannot be doubted. (*Parmelee* v. *Thompson*, 45 N. Y. 58.) Where an action or defense is based upon a contract, the pleading in which it is set forth should allege all the material facts. Consideration is a material and indispensable element of every contract. "In declaring upon a contract not under seal, it is in all cases necessary to state that it was a contract that imports and implies consideration, as a bill of exchange or promissory note, or expressly to state the particular consideration upon which it is founded." (1 Chitty on Pleading [13th Am. ed.], 292, and cases cited ; Moak's Van Santvoord's Pleading, 164 ; Bliss on Code Pleading [2d ed.], sec. 268 ; Beach on Modern Law of Contracts, vol. 2, sec. 1691 ; *Bailey* v. *Freeman*, 4 Johns. 280 ; *Dolcher* v. *Fry*, 37 Barb. 152.) "Where a consideration is not implied, or a request is essential to the defendant's liability, it is of the gist of the action, and must be specially averred." (*Spear* v. *Downing*, 34 Barb. 522 ; Gould Pleadings, 176.)

Under our Code of Civil Procedure a complaint must contain a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition. (Sec. 481, sub. 2.) An answer must contain (1) "a general or specific denial of each material allegation of the complaint controverted by the defendants  *  *  *  (2) a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." (Sec. 500, Code Civ. Pro.) This is nothing more than a restatement of the rule as it existed prior to the adoption of the present Code. While it is no longer necessary, as it was under the old

system, to plead the conclusions of law which followed the facts previously stated, it is essential to set forth every material fact which forms a part of the cause of action or defense. This was so under the old Code of Procedure (*People ex rel. Crane* v. *Ryder*, 12 N. Y. 433), and it is still the rule, as the present Code has made no change in this respect. Under our liberal practice, a very broad and general allegation of consideration has been held sufficient, as for instance in *Prindle* v. *Caruthers* (15 N. Y. 425), where it was held that the words " for value received " constituted a good averment of consideration, and a demurrer to the complaint was overruled, although it was held that a motion to have the complaint made more definite would have been proper. In the case at bar there is no averment in the answer, and no statement in the opening of the defendant's counsel of any consideration whatever. The contract alleged is not one which necessarily imports a consideration, and without an averment of consideration it cannot be assumed that it is such a contract as will constitute a defense to plaintiff's cause of action.

We think the judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and CULLEN, JJ., concur.

Judgment affirmed.