OWENS v. BLACKBURN et al.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

1. BILLS AND NOTES (§ 493*)—NEGOTIABLE INSTRUMENTS—REQUISITES.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 20, requiring an instrument, to be negotiable, to be payable to order or to bearer, a note not payable to bearer or order is nonnegotiable, and hence is not presumed to be supported by a consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. § 493.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 98*)—CONSIDERATION—RECITALS—ADMISSIONS.

A recital, in a nonnegotiable note, "value received" is an admission that the instrument was issued for a sufficient consideration, binding, as such, upon each of the makers; the promise being joint and several.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1371, 1375; Dec. Dig. § 98.*]

3. CONTRIBUTION (§ 9*)—ACTIONS—ALLEGATIONS OF PAYMENT.

In an action by one of the makers of a nonnegotiable note against the other makers for contribution, an allegation that plaintiff was compelled to pay the note sufficiently alleged that neither of defendants paid it.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 14, 16–22; Dec. Dig. § 9.*]

4. CONTRIBUTION (§ 4*)—CONTRIBUTION BETWEEN MAKERS.

Though a note was in terms joint and several as to the makers, their liability as between themselves was presumably joint, so that those who paid no part of the note will be required to contribute proportionally to one who paid the note.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

5. CONTRIBUTION (§ 9*)—ACTIONS—ALLEGATIONS OF COMPLAINT—AGREEMENT.

Since the law implies an agreement by the other signers of a joint and several note to equally contribute in case one of the signers is required to pay it, the one paying and suing for contribution need not allege an agreement to contribute by the other signers.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 14, 16–22; Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by John B. Owens against Joseph E. Blackburn and another. From an interlocutory judgment sustaining a demurrer to a cause of action alleged in the complaint, plaintiff appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Cornelius W. Wickersham, of New York City, for appellant.
Herman Kahn, of New York City, for respondents.

LAUGHLIN, J. The plaintiff's first cause of action is on an instrument in writing which is set forth in the complaint as follows, viz.:

"$4192.50.　　　　　　　　　　Zanesville, Ohio, February 12, 1907.

"Four months after date we or either of us promise to pay to the Old Citizens' National Bank of Zanesville, Ohio, four thousand one hundred ninety-two and 50/100 dollars, value received, payable at said bank with interest at 6 per cent. per annum.

"No. 17319.　Due June 12.　　　　　　　　J. E. Blackburn.
　　　　　　　　　　　　　　　　　　　　　　"Elmer Dover.
　　　　　　　　　　　　　　　　　　　　　　"J. B. Owens."

[1, 2] The note, not being payable to bearer or order, is nonnegotiable (Neg. Instruments Law, § 20; Kerr v. Smith, 156 App. Div. 807, 142 N. Y. Supp. 57; National Citizens' Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1), and there would therefore be no presumption of consideration; but the recital "value received," in the body of the note, constitutes an admission that the instrument was issued for a sufficient consideration (Prindle v. Caruthers, 15 N. Y. 425; Hamilton v. Ham-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ilton, 127 App. Div. 871, 112 N. Y. Supp. 10, cited with approval in National Citizens' Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1). The cases of Browning, King & Co. v. Terwilliger, 144 App. Div. 516, 129 N. Y. Supp. 431, and Czerney v. Haas, 144 App. Div. 430, 129 N. Y. Supp. 537, and St. Lawrence C. Nat. Bank v. Watkins, 76 Misc. Rep. 633, 135 N. Y. Supp. 461, which has been reversed (153 App. Div. 551, 138 N. Y. Supp. 116), and Kinsella v. Lockwood, 79 Misc. Rep. 619, 140 N. Y. Supp. 513, upon which counsel for respondent relies, are plainly distinguishable on the ground that in those cases the nonnegotiable instrument was not pleaded in hæc verba, and the courts were considering allegations to the effect that an instrument or promise was made for a valuable consideration, which were deemed in the nature of conclusions of law and not sufficient allegations of the facts; but manifestly those authorities have no bearing in a case where the pleading sets forth the instrument which recites an acknowledgment of the receipt of consideration. The promise is both joint and several. All of the makers, and each of them, therefore, has admitted the receipt of consideration for the promise. The plaintiff is one of the makers, and the defendants are the other two.

The plaintiff alleges that he was compelled to pay the note, and that he paid it in full, with interest, and that he has demanded that each of the defendants contribute to him one-third of the amount paid.

[3] There is no merit in the contention that the plaintiff should have alleged that neither of the defendants paid the note. That is fairly to be implied from the allegation that he was compelled to pay it.

[4] The three makers were liable to the payee both jointly and severally, but presumptively, as between themselves, their liability was joint, and equity requires that they bear the burden equally, and that those who have not paid shall contribute to the plaintiff, who has been obliged to pay the entire amount for which all three makers were liable. Aspinwall v. Sacchi, 57 N. Y. 331; Hard v. Mingle, 141 App. Div. 170, 126 N. Y. Supp. 51, affirmed 206 N. Y. 179, 99 N. E. 542, 42 L. R. A. (N. S.) 1131; Dillenbeck v. Dygert, 97 N. Y. 303, 49 Am. Rep. 525; McCready v. Van Antwerp, 24 Hun, 322; Kimble v. Williams, 51 App. Div. 616, 65 N. Y. Supp. 69.

[5] It was not incumbent on the plaintiff, in the circumstances, to allege an agreement for contribution, for that is an obligation implied and enforced by courts of equity. Aspinwall v. Sacchi, supra; Van Denmark v. Van Denmark, 13 How. Prac. 372; Hard v. Mingle, supra; McCready v. Van Antwerp, supra.

It follows that the interlocutory judgment should be reversed, and the demurrer overruled, with costs, with leave to respondent to withdraw the demurrer and answer on payment of costs of the demurrer and of the appeal. All concur.