POLARIS BUILDING CORPORATION, Plaintiff, *v.* LOUIS J. BIMBERG and Others, Defendants.

City Court of New York, Bronx County, May 7, 1930.

*Jesse Starkman*, for the motion.

*George M. Glassgold*, opposed.

DONNELLY, J. The answer of the defendants Bimberg and Schor alleges, upon information and belief, the making, for a valuable consideration, of the extension agreement therein referred to, without notice to or consent by the defendants. The only reference to this alleged agreement in the answering affidavit of Bimberg is that " the plaintiff * * * did extend, without the knowledge or consent of the defendants, the time of payment on the mortgage because the mortgagee happened to be a friend of his " (*sic*). The allegation " for a valuable consideration " is not a statement of fact but a mere conclusion of law, as is any such allegation when applied to a non-negotiable instrument, unaccompanied by any statement of the facts showing consideration. (*Browning, King & Co.* v. *Terwilliger*, 144 App. Div. 516, 519.) To have the effect of discharging the surety, the agreement must be upon a valid consideration and must be sufficient to preclude the creditor, during the extended period, from enforcing the debt against the principal. (*Fifth National Bank* v. *Woolsey*, 21 Misc. 757, 761, 762; *National*

*Citizens' Bank* v. *Toplitz*, 178 N. Y. 464, 467.) If such an agreement is relied upon as a defense, the consideration therefor must be pleaded and proved. (*National Citizens' Bank* v. *Toplitz, supra.*) There are no averments in the answering affidavit which, if true, release the defendants on their obligation as guarantors.

The plaintiff's demand is for $3,000, but, in view of its waiver, the motion is granted to the extent of awarding to plaintiff summary judgment for $2,450, with interest, against the defendants Louis J. Bimberg and Rudolph Schor, and it is further ordered that the action be severed. Submit order on two days' notice.