CUYLER and others *vs.* ENSWORTH.

Where four persons became joint sureties in the official bond of a county treasurer, who afterwards misapplied the funds of the county and died insolvent, and a judgment was thereupon recovered against the four sureties in the bond, jointly, and three of them afterwards paid the whole amount of the debt and costs, and an execution was issued upon the judgment for their benefit, on which the sheriff was directed to levy one fourth of the amount of the judgment of the property of their co-surety, which execution was subsequently returned unsatisfied; *Held* that the three sureties who had paid the whole debt and costs, could file a creditor's bill in their own names against their co-surety to obtain satisfaction of his rateable proportion of the judgment, out of his equitable interest and choses in action which could not be reached by the execution at law.

Joint sureties are bound as between themselves to contribute equally to discharge the debt for which they are jointly holden, and if one of them pays the whole, he is, in equity, subrogated to all the rights and remedies of the original creditor for the payment of his debt, not only as against the principal debtor, but also as against the co-sureties, to the extent they are equitably bound to contribute.

April 5,      THIS was an appeal from a decision of a vice chancellor, refusing to appoint a receiver of the property and effects of the defendant in a creditor's suit. The complainants and the defendant were the joint sureties of S. M. Smith, in a bond to the supervisors of Monroe county, for the faithful discharge of the duties of his office as county treasurer. Smith died insolvent, and a judgment was afterwards recovered against all the sureties jointly, for about $5000. The defendant neglected to pay any part of the judgment, and the complainants paid the whole to the plaintiffs therein; by which, as the complainants insisted, they became and were subrogated to all the rights of the original creditors against the defendant, their co-surety, as to the equal one fourth of the debt and costs thus paid by them. An execution was taken out upon the judgment, for the benefit of the complainants, upon which execution the sheriff was directed to levy one fourth of the amount of the judgment, of the property of the defendant Ensworth. The sheriff having

returned the execution unsatisfied, this bill was filed to reach his equitable assets and choses in action.

*J. Van Buren*, for the complainant.

*J. Edwards*, for the defendant.

THE CHANCELLOR. The equitable principles of the civil law as to suretyship, have long since been established as the law of this court upon that subject. One of the fundamental principles of that law is that co-sureties, or joint cautioners, are bound to contribute equally as between themselves, to the discharge of the common burden ; and another is that if one surety pays the whole debt for which they were jointly bound, he is entitled to a cession of the rights and remedies of the creditor, not only as against the principal debtor, but also as against his co-sureties. Or more properly, according to the modern doctrine on this subject, the surety by the mere payment of the debt, and without any actual assignment from the creditor is in equity, subrogated to all the rights and remedies of the creditor, for the recovery of his debt against the principal debtor or his property, or against the co-sureties or their property, to the extent of what they are equitably bound to contribute. (*Nap. Code, Art.* 1251, 1252. *Bell's Dick. art. Beneficium cedendarum actionum, Civ. Code of Louis. art.* 2157, 2158. 2 *Robin. Prac.* 136. *Cheesebrough* v. *Millard,* 1 *John. Ch. Rep.* 409. *Eppes* v. *Randolph,* 2 *Call's Rep.* 125, 189. *McMahon* v. *Fawcett,* 2 *Rand. Rep.* 514.)

It is objected, however, in this case, that the complainants cannot file a creditor's bill here, against their co-surety, although they are in equity subrogated to the rights of the creditor against him as to one fourth of the debt, because no execution could be taken out on the judgment against him after the creditors had received the whole of their debt from the complainants. It is a sufficient answer to this objection that it does not appear from the bill that the execution was issued and returned unsatisfied after the whole debt had been paid by the complainants. And if necessary to sus-

tain the proceeding against that technical objection, this court would presume the execution was issued and returned before that portion of the judgment was paid. The bill only alleges that the complainants have paid the full amount without stating at what time such payment was made. This court, however, only looks to the substantial rights of parties, without reference to mere matters of form. It even revives a judgment at law which has been actually discharged, on the record, for the purpose of giving effect to the equitable rights of a surety to subrogation; as was done in the case of *Burrows* v. *McWhann* (1 *Des. Rep.* 409.) In this case, theaefore, as the complainants were entitled to the benefit of the judgment, in equity, to compel the defendant to refund to them his contributory portion of the debt, if the execution had been taken out for their benefit and levied upon his property, to that extent, after the co-sureties had paid the whole amount of the judgment, this court, if necessary, would have restrained the defendant, by injunction, from contesting the validity of the execution at law. In the state of Louisiana, where the right of subrogation is recognized by the civil code, the surety has a right to take out an execution in his own name on a judgment against the principal debtor where he has himself been compelled to pay the debt. But in a recent case it has been decided that he may, if he pleases, take out an execution in the name of the creditor, to whom he has paid the judgment against the estate of the principal debtor; and that the return of the sheriff on that execution is sufficient evidence, in a suit by the surety against a third person, that due diligence has been used by him to collect the judgment of the principal debtor. (*Sprigg* v. *Braman* 6 *Louis. Rep.* 59.(a)

In equity, these complainants must be considered as the assignees of one fourth of this judgment; and which remains still due, as against this defendant, after the issuing and return of an execution unsatisfied. And as the suit in this court must be brought in the name of the persons who are

(a) See also *Dowbiggin* v. *Bourne, Youngs Exc. Rep.* 111 and *Wood* v. *Creaghe* 2 *Hogan's Rep.* 50.

beneficially interested in the subject matter of the litigation as the legal or equitable assignees of the judgment, and not in the name of the nominal plaintiff, this creditors' bill is properly filed in their names. They are therefore entitled to all the rights, in this court, of complainants in an ordinary creditor's bill, after the return of an execution at law unsatisfied. If the defendant has any equitable defence to this suit, he should have shown it in opposition to the motion for a receiver. But as no such defence was attempted to be set up, or even suggested before the vice chancellor, it is a matter of course to appoint a receiver to take charge of his property, if he has any, so that it may not be lost or squandered pending the litigation in this suit.

The decision appealed from must be reversed; and the usual order entered referring it to a master in Monroe county, to appoint a receiver. And the complainant's costs on this appeal are to be paid out of the fund which may come into the hands of such receiver.