TRAVIS WINHAM *vs.* MARIA E. CRUTCHER and others.

October Term, 1875.

SURETY IN JUDGMENT—RELIEF IN EQUITY AGAINST JUDGMENT CREDITOR.—A surety whose property has been levied on by an execution against him and his principal is not entitled to come into equity because of the mere delay

of the judgment creditor in pressing collection, nor because the principal is good and the money could be made out of him, nor because the execution docket shows the levy of a previous execution on land, which complainant *believes* was the land of the principal.

SURETY—RELIEF MUST REST ON FACTS.—General charges of collusion and conspiracy to force a surety to pay a joint judgment against him and his principal, and of a concerted action of some kind to oppress him, without any statement of facts which, if proved, would show an unlawful conspiracy, are not sufficient to authorize a court of equity to interfere with the creditor's legal rights.

*John A. Campbell*, for complainant.
*E. B. Mulloy*, for defendants.

THE CHANCELLOR:—Motion to dismiss the bill for want of equity on its face. The facts disclosed are these: On the 11th of February, 1868, defendant Crutcher recovered a judgment, before a justice of the peace of this county, against defendants A. B. Shankland and John B. Murray, for $345.62. From this judgment an appeal was taken to the circuit court, the appeal bond reciting that both defendants appealed, but the name of Murray being signed by Shankland. Complainant signed the appeal bond as surety. On the 9th of November, 1868, the judgment of the justice was affirmed, and judgment rendered in the circuit court against the appellants and complainant as their surety of appeal. The execution docket of the court shows that on the 27th of February, 1869, $162.83, and on the 14th of June, 1875, $49.51, were received on the judgment. Recently execution has been issued on the judgment, and placed in the hands of the sheriff of this county, who has levied it upon the property of complainant. The bill is filed to enjoin further proceedings under this execution, upon several grounds.

The first ground assumed is that the money could have been made years ago out of Shankland and Murray, and the failure so to do has released the complainant. But it is well settled that a creditor is not bound to active diligence in collecting his debt, and that mere delay does not prejudice his rights against a surety. *Johnston* v. *Searcy*, 4 Yerg.

182; *Heath* v. *Percival,* 1 P. W. 683; *Watson* v. *Read,* 1 Tenn. Ch. 197. After judgment the surety has the remedy in his own hands, in this state, by taking judgment over against his principal. *Bryant* v. *Rudisell,* 4 Heisk. 656. And he might always pay the judgment and take an assignment of it, or claim the benefit of it by subrogation to the creditor's rights. *Tessier* v. *Wyse,* 3 Bland, 35; *Cuyler* v. *Ensworth,* 6 Paige, 32; *Gunn* v. *Tannehill,* 2 Yerg. 544.

The second ground assumed is that Shankland and Murray are good now, and the money should be made out of them. But a surety is not entitled in equity to stay the proceedings on an execution against himself until the property of the principal is exhausted. *Hayes* v. *Ward,* 4 Johns. Ch. 131; *Gilliam* v. *Esselman,* 5 Sneed, 90; *Watson* v. *Sutherland,* 1 Tenn. Ch. 211. The provisions of the Code (§§ 3028–3031) as to the order in which the property of the principal and surety shall be taken, when the suretyship appears on the face of the judgment and writ, are merely directory. *Atkinson* v. *Rhea,* 7 Humph. 59; *Cheatham* v. *Brien,* 3 Head, 554; *Gillespie* v. *Darwin,* 6 Heisk. 26; *Bryant* v. *Rudisell,* 4 Heisk. 660.

The bill avers that "complainant *believes* there is a conspiracy and collusion to force him to pay off the execution, and that Murray is a special party to it;" that "there is a concerted action of some kind to oppress him." But the complainant's *belief* does not make the charge a fact, and the court deals with facts, not beliefs. A concerted action of some kind to oppress is too vague for any purpose. There must be positive averments of facts, from which, if proved, the court can see that there is an unlawful conspiracy or collusion to the detriment of the complainant. *Palmer* v. *Mure,* 2 Dick. 489; *Sharpe* v. *San Paulo R. R. Co.,* L. R. 8 Ch. App. 598; *Bryan* v. *Spruill,* 4 Jones Eq. 27; *Fort* v. *Orndorf,* 7 Heisk. 167; *Randall* v. *Payne,* 1 Tenn. Ch. 143. With the motives of parties the court has nothing to do, if the parties are in the pursuit of

their legal rights in a legal mode. *Macey* v. *Childress*, 2 Tenn. Ch. 438. Besides, the bill does not implicate the defendant Crutcher in any way. General charges of the character of those contained in this bill furnish no ground for the assumption of equitable jurisdiction against a plain legal right.

The bill states that the following entry appears on the execution docket of the circuit court in the case sought to be enjoined : " Levied on land, not sold for want of bidders. January 25, 1869. Marshall, deputy sheriff." " Whose land this was," adds the bill, " complainant does not know, but believes it was Shankland's." If the bill had stated an actual levy upon the land of Shankland sufficient in value to have satisfied the debt, that the land was subject to levy, and that the levy was afterwards released by the execution creditor without cause, it would have presented a case for equitable relief. *Watson* v. *Read*, 1 Tenn. Ch. 196. But the averment under consideration falls far short of the necessary requirements. It does not state as a fact that any land was levied on, nor whose land, nor its value, nor that the land was open to levy, and was released without cause. The averment is, therefore, insufficient to raise an equity.

The bill must be dismissed, with costs.

NOTE.—This decision was affirmed on appeal.