By the Court.—Sedgwick, J.
The plaintiff and defendant were co-sureties for the payment of a judgment against their principal. By a negotiation between the judgment creditor, the plaintiff, and one Beardon, a compromise was agreed to, of which the plaintiff paid about one-half, and Beardon the other half, and thereupon, as was further agreed between them, the judgment was satisfied of record. The merits of this appeal are to be determined by ascertaining if this satisfaction of the judgment relieved the defendant from an obligation to contribute to the sum paid by the plaintiff. No other question was made upon the argument of this appeal.
Although Copis v. Middleton (1 T. & R. 229), and the opinion of Judge Story (Story's Eq. %% 499b to § 500, and notes), are to the effect that the surety has no right of subrogation to -the debt or the evidences of the debt which he has contracted to pay, and therefore pays upon fulfilling his contract, the law in this state has settled for many, years, that the surety, upon performance by him of his contract, is entitled to the original evidences of debt held by the creditor, and to any judgment in which the debt has been merged, as *428 well as to all collateral securities held by the creditor: The right of the surety is not only that of subrogation, pure, and simple, but a right to an assignment by the creditor (Marsh v. Pike, 1 Sandf. Ch. 210 ; Cheeseborough v. Millard, 1 Johns Ch. 409 ; Clason v. Morris, 10 Id. 524; Goodyear v. Watson, 14 B. 481 ; Eno v. Crooke, 10 N. Y. 66; Ellsworth v. Lockwood, 20 N. Y. 98, and other cases). By performing the contract of suretyship, the principal obligation is discharged against the creditor, and is kept alive between the creditor, the debtor, and the surety, for the purpose of enforcing the rights of the last.
A co-surety has, of course, the same responsibility for keeping alive sureties in favor of bis co-surety from -whom he claims contribution, as a creditor has, in behalf of sureties (Notes to Derin v. Earl of Winchelsea, 1 Leading Cases in Eq., 3 Am. ed. 156, et seq). If a creditor releases or satisfies any security which he holds he answers for the value at least of what he discharges or satisfies (2 Am. Leading Cases, 394): If the release is of a nominal title, from a judgment, the surety is not discharged or the claim against him at all abated (Blydenburgh v. Bingham, 38 N. Y. 375). If goods are released from a levy,' the claim of the party releasing, against the surety, is lessened by the amount of the value of the goods. The burden of proving what is the value of the thing released or the security discharged, is upon the party releasing or discharging (Neff's Appeal, 9 W. & S. 36, cited in 2 Am. Leading Cases, 405 ; Hubbell v. Carpenter, 5 N. Y. 171).
In the present case no chattel or real estate has been released from the judgment, but the judgment itself is discharged. The burden of proving the value of this judgment is upon the plaintiff, who should answer to the defendant for its being discharged. So far as I can see, it is not possible to estimate correctly what is or *429 will be the value of a judgment through the time it can be kept alive. It is not without value ; it may prove to be of the value of its nominal amount. By analogy it. is right to apply the general rule of damages, that when the amount is made incapable of estimation by the act of the wrong-doer, he must be held responsible for the value it may by reasonable possibility turn out to be of (Armory v. Delamirie, and notes, 1 Smith's Leading Cases, 584; Hart v. Ten Eyck, 2 Johns. Ch. 62.) Is there any mitigation of these damages in the fact that the defendant, if he paid a contribution, would have his action against the principal ? It would seem, impossible to make such a use of this contingent course of action. It would be for the amount the defendant would pay the plaintiff after the plaintiff has proven what the amount should be by showing the value of the judgment. The defendant would not have the benefit of the judgment in question, with its peculiar character, or an equivalent advantage, down to the time he secured judgment in his own behalf.
The plaintiff did not satisfy the judgment, but the creditor did. The plaintiff is responsible for this, which took place in this state ; for he did not demand from the creditor that the j udgment should not be satisfied, but took part in an arrangement which had as an object the extinguishment of the judgment. The judgment was not satisfied by force alone of the payment made by Beardon. If it had been, the plaintiff would have, been under no obligation to pay any part of it, and could not ask a contribution.
• It is urged, however, that the judgment is kept alive in equity although it is extinguished at law. The case of Burrows v. McWhaun (1 Dess. 409), is particularly referred to, and it is spoken of approvingly as an illustration in Cuyler v. Ensworth (6 Paige, 32). There was no attempt in that case to declare that the general *430 consequence of satisfying a judgment at law could be avoided in equity by any decree short of setting aside the satisfaction. The complainants sought against administrators to establish a right to a priority of payment out of the estate. This right they would have if they could maintain a right under a judgment obtained against the intestate. They showed that being sureties for the payment of the judgment, they had paid a large part of it. The intestate-having died, the administrators of his estate paid the remainder of the judgment, and obtained satisfaction. The complainants claimed that this act of the administrators should not bar their rights to priority as specialty creditors. The court gave the complainants rank as if they were1 specialty creditors. In effect the court determined what the rights of the complainants as sureties were at the time they paid the judgment in part, and considered that they had a right to be subrogated to the creditor’s remedy through the judgment, and the court did nothing more as to the present point than decide that as against the inequitable or wrongful act of the defendant which produced a satisfaction of the judgment, it would deem the judgment alive. The full effect of this case does not relieve this plaintiff, for two-reasons. 1. The defendant here is entitled to the legal effect of the judgment flowing from its character as a judgment, and not depending for any benefit that might be procured through it on a special judgment in equity reviving it or deeming it revived. 2. The plaintiff’s act has led to the satisfaction, or permitted it; the damage to the plaintiff flows from that. There is no reason why plaintiff should be allowed to say that in his favor, to neutralize the consequence of his own acf, the defendant should find his relief by a special-action in which the satisfaction will be disregarded. The plaintiff should bear himself any burden he has created. It is not necessary to deny that if the defend *431 •ant was called upon to contribute in this action, he might, in a proper case, subject property of the principal debtor to his claim as if the judgment had not been satisfied. As we have intimated, such a benefit would only be in redress of an injury caused by plaintiff.
There is another reason why equity would not revive the j n dgment for any purpose. Equity observes the intentions of the parties. The presumption is that a surety, in acting in regard to securities to which he is entitled for his indemnity, intends to give that form to the transaction which is most beneficial to himself. If, however, the result of the evidence is to show that it was intended that the security should be finally discharged for all purposes, the surety, and no one claiming through him, can use the security as if it were not extinguished (1 Leading Cases in Eq., 3 Am. ed. 155 ; Harbeck v. Vanderbilt, 20 N. Y. 395). Beyond •doubt in the present case it was the intention of the parties that the'judgment should be discharged for all purposes, legal and equitable, and the payment by Beardon of a part of the compromise as a consideration for the satisfaction, prevents as matter of law that the judgment should be revived.
It is, however, claimed that as the plaintiff paid but apart of the judgment, he was not entitled to an assignment. This view separates the action of the parties, and does not consider them as acting jointly and with a common purpose. In that view, however, we must suppose that Beardon’s payment went to reduce the .amount of the judgment. ~ The rest would.be between the plaintiff as surety and tlm judgment debtor as his principal, the proper security to the plaintiff for his payment as part of the compromise. Unless the agreement between the judgment debtor and the plaintiff was that the judgment should be entirely extinguished, the creditor could not have lawfully refused to assign *432 the judgment as reduced for the plaintiff’s indemnity.
I am of opinion that the order appealed from should be affirmed with costs.
Curtis, J., concurred.