### HERPE v. HERPE et al.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. BANKS AND BANKING (§ 154*) — SAVINGS BANKS — DEPOSITS — ACTIONS — REMEDY.

A wife may not sue a savings bank at law to recover a deposit of her money made by her husband in his name in trust for her, but her remedy is in equity.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

2. COURTS (§ 188*)—INFERIOR COURTS—MUNICIPAL COURT—EQUITABLE JURISDICTION.

The municipal court of the city of New York has no jurisdiction of an equitable action.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

3. COURTS (§ 24*)—JURISDICTION OF SUBJECT-MATTER—CONSENT.

Consent of the parties cannot confer on a court jurisdiction of the subject-matter of an action beyond its jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 76–78; Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jennie Herpe against Isidore Herpe and another. From a judgment for plaintiff, defendant the German Savings Bank of Brooklyn appeals. Reversed, and complaint dismissed, without prejudice to an action in equity.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Hector McG. Curren, of Brooklyn, for appellant.

Leo Rosenberg, of New York City, for respondent.

GUY, J. The action was brought to recover the amount of a savings bank deposit made on July 6th last by "I. Herpe in trust for Jennie Herpe." The answer offered to pay the deposit into court, or to surrender it upon being discharged of all liability therefrom. No interpleader was had, nor was there any payment into court. On the trial defendant Herpe's counsel in his behalf withdrew his answer. Plaintiff testified that the deposit her husband made was her money; that her mother gave it to her; that it represented her savings.

[1-3] Assuming that plaintiff may have an action in equity to establish a trust in her favor, she has none at law. Hemmerich v. Union Dime Savings Inst., 205 N. Y. 367, 371, 98 N. E. 499, Ann. Cas. 1913E, 514. Moreover, the Municipal Court has no jurisdiction of an equitable action. Consent does not and cannot confer jurisdiction of the subject-matter of an action beyond the Municipal Court jurisdiction.

Judgment reversed, with costs, and complaint dismissed, with costs to the appellant, without prejudice to an action in equity. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes