## FOURTH DEPARTMENT, JANUARY, 1924.

MYRON G. BRONNER, as Ancillary Administrator with the Will Annexed of HENRY BENIENS, Deceased, Appellant, *v.* EVA MAE WALRATH and Others, Respondents. (Action No. 2.)

*Bills and notes — liability of joint and several makers — contribution.*

Appeal from a judgment of the Supreme Court, entered in the Herkimer county clerk's office August 16, 1922, directing the foreclosure of the plaintiff's mortgage, and other relief, excepting that part of the judgment determining the amount unpaid on plaintiff's mortgage, and directing foreclosure thereof.

PER CURIAM: The evidentiary matter, discovered since the trial herein, and set forth in respondents' brief, may not, of course, be considered on this appeal. The case must be disposed of on the record as it stands. The presumption created by the form of the Christman note is that the four parties signing it were joint and several makers and became jointly and severally liable. (*National Surety Co.* v. *Seaich,* 171 App. Div. 414; Neg. Inst. Law, § 36.) Each was liable to pay the whole amount. But if one paid more than his share, he might have contribution from the others. (*Morgan* v. *Smith,* 70 N. Y. 537; *Aspinwall* v. *Sacchi,* 57 id. 337.) And in determining the proportion of contribution, regard would be had only to the solvent debtors. (*Kimball* v. *Williams,* 51 App. Div. 616.) If the evidence here changes that presumption at all, it tends to show that Alvin Walrath was maker and the other three signers were sureties and so were jointly and severally liable. To the extent that Herman Walrath was entitled to contribution, the assignment to him of the mortgage securing the note was good. To that extent, at least, there was no discharge. (*Mertens* v. *Wakefield,* 35 Misc. Rep. 501.) And his assignee Newitt stood in his shoes. If Herman was one of four joint and several makers, his share was one-fourth. If he was one of three sureties, his share was one-third. On the question of solvency the record is silent. The date of the $500 payment by Herman does not appear. On February 28, 1902, he paid $450 and Jennie paid $300, according to the evidence. Who had made the other payments of interest and principal, and when, does not appear. With the record in this shape, the only thing that can be said with certainty is that the judgment with reference to the Christman mortgage was erroneous as to amount, and that the evidence affords no sufficient basis for this court to make new findings. The judgment should be reversed on the law and the facts, with costs to the appellant to abide the event, and a new trial granted. Findings Nos. 20 and 21 (so far as found) of plaintiff's requests to find and findings Nos. 13, 18, 19 and 21, and conclusion of law No. 4 in the decision are disapproved and reversed. All concur. Judgment, so far as appealed from, reversed on the law and facts and a new trial granted, with costs to appellant to abide event. Findings Nos. 20 and 21 (so far as found) of plaintiff's requests to find and findings Nos. 13, 18, 19 and 21, and conclusion of law No. 4 in the decision are disapproved and reversed.