IRVING MEYROWITZ, Plaintiff, *v.* DAVID WATTEL and Others, Defendants.

Municipal Court of New York, Borough of Queens, Fifth District, October 28, 1933.

*Alexander Schaffer,* for the plaintiff.

*Solomon Jochnowitz,* for the defendant Godknecht.

MORRIS, J. Prior to the commencement of this action, and on or about February 20, 1928, the defendants together with the plaintiff executed a promissory note wherein the said defendants and the plaintiff promised jointly and severally to pay the sum of $300 to the Community Loan System, Inc., fifty-two weeks after date. Of the above amount $50 was paid, and the balance of $250, with interest and costs, was paid by the plaintiff on or about November 14, 1928. Said amount was paid by the plaintiff to the Community Loan System, Inc., after said Community Loan System, Inc., had obtained a judgment against the plaintiff and the defendants in the amount of $260.90, so that said sum of $260.90 was paid by the plaintiff in payment of said judgment and interest, on behalf of all the defendants in this action.

On the call of the calendar the attorneys representing the plaintiff and the defendant Godknecht submitted the following stipulation to the court: " It is hereby stipulated and agreed, by and between the parties hereto that at the trial of this action the plaintiff and the

defendant, Paul Godknecht, will concede the following facts and that this stipulation shall take the place of any oral evidence in this case:

" 1. That on or about the 20th day of February, 1928, Carrie Wattel, David Wattel, John Tambini, Irving Meyrowitz, the plaintiff herein, and Paul Godknecht, duly made, executed and delivered an instrument in writing wherein they promised to pay, jointly and severally, the sum of Three Hundred ($300) dollars to the Community Loan System, Inc., fifty-two weeks after date.

" 2. That no part of said note was paid, except the sum of Fifty ($50) dollars, which was paid on or about the 14th day of November, 1928.

" 3. That thereafter and on or about the 14th day of November, 1928, the plaintiff herein, who signed said note paid to the Community Loan System, Inc., the sum of Two Hundred sixty and 90/100 ($260.90) dollars, which sum included the balance then due, interest and costs.

" 4. That thereafter the above entitled action was commenced by the plaintiff herein against all of the defendants herein, and a judgment was recovered by the plaintiff against all of the defendants, including Paul Godknecht, by default.

" 5. That thereafter a motion was made by the defendant, Paul Godknecht, to open the default, and a stipulation was entered into between the attorney for the plaintiff and the attorney for the defendant, Paul Godknecht, reducing the said judgment from the sum of Three Hundred forty-four and 86/100 ($344.86) dollars, to the sum of One Hundred fourteen and 66/100 ($114.66) dollars, with interest from the 3rd day of February, 1933, and provided that as to the balance in the sum of Two Hundred Twenty-nine and 33/100 ($229.33) dollars, that the said defendant be permitted to interpose an answer.

" 6. That thereafter an answer was interposed by the defendant, Paul Godknecht.

" 7. That thereafter the defendant, Paul Godknecht, paid the plaintiff the sum of One Hundred Fourteen and 66/100 ($114.66) dollars hereinbefore mentioned.

" 7. That the said sum of One Hundred Fourteen and 66/100 ($114.66) dollars was one-third of the amount paid by the plaintiff upon the note hereinbefore mentioned, together with interest from the 14th day of November, 1928, and costs and disbursements of the action.

" 8. That the only question in dispute is as to whether the plaintiff herein can require contribution from the defendant, Paul Godknecht, of one-half of the amount paid by him in satisfaction of this note, or one-third.

" 9. That one-half of said sum amounts to One Hundred seventy-two and 43/100 ($172.43) dollars, and one-third of said sum amounts to One Hundred Fourteen and 66/100 ($114.66) dollars. If the plaintiff is entitled to contribution from the defendant, Paul Godnecht, of one-half of the amount paid by him in satisfaction of the note, the defendant, Paul Godknecht, will still owe to the plaintiff the sum of Fifty-seven and 77/100 ($57.77) dollars. If he is liable for contribution of one-third of the money paid by the plaintiff, he has satisfied his liability in full.

" 10. That judgment for the full amount of plaintiff's claim has been entered against all of the other defendants herein including John Tambini, who, together with the plaintiff and the defendant, Paul Godknecht, were co-makers on the note. No contribution has been made by the defendant, John Tambini, although a judgment has been rendered in favor of the plaintiff against the said John Tambini and an execution has been issued thereon, which execution has been .returned unsatisfied. An execution has been returned unsatisfied against all of the other defendants. No other steps have been taken by the plaintiff to enforce his claim against the defendant, John Tambini, since the issuance of the execution.

" Dated: October 13th, 1933.

" ALEXANDER SCHAFFER,
" *Attorney for Plaintiff.*
" SOLOMON JACHNOWITZ,
" *Attorney for Defendant Paul Godknecht.*"

" The right to contribution here invoked is not dependent on contract or joint action or original relationship between the parties. It is based on principles of fundamental justice and equity. (*Wells* v. *Miller,* 66 N. Y. 255; *Cuyler* v. *Ensworth,* 6 Paige, 32.) And of these principles no one is more explicit and outstanding than the one that where the situation of parties is equal and one has borne more than his just share of the common burden he is entitled to contribution from others who have been dealt with more fortunately. (*Stowell* v. *Richardson,* 3 Allen [Mass.], 64, 66; *Manthey* v. *Schueler,* 126 Minn. 87; *Hodgdon* v. *Peet,* 122 Minn. 286.) This is simply the statement in another form of the principle that equality amongst those similarly situated is equity and all of these principles applied to the facts of this case seem irresistibly to lead to the conclusion that where through mere chance, as we assume, one security owner has been made to bear a larger proportion of a common burden than was his just share, he is entitled to call for contribution and assistance." (*Asylum of St. Vincent de Paul* v. *McGuire,* 239 N. Y. 375, 382.)

The action being one of law against all of the comakers of the

note, the plaintiff is only entitled to recover from each defendant each defendant's proportion, to wit, one-fifth of the debt, and, in order to make any particular defendant liable for more than one-fifth, to wit, one-half, because of the alleged insolvency of the others, as the plaintiff is seeking in view of the language of the stipulation quoted above, an action in equity against all of the defendants must be brought. (*Easterly* v. *Barber*, 66 N. Y. 433, 439, 440.) As Godknecht is one of five joint and several makers, his share is one-fifth. (*Bronner* v. *Walrath*, 208 App. Div. 758.)

" The three makers were liable to the payee both jointly and severally, but presumptively as between themselves their liability was joint and equity requires that they bear the burden equally and that those who have not paid shall contribute to the plaintiff who has been obliged to pay the entire amount for which all three makers were liable. (*Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Hard* v. *Mingle*, 141 App. Div. 170; affd., 206 N. Y. 179; *Dillenbeck* v. *Dygert*, 97 id. 303; *McCready* v. *Van Antwerp*, 24 Hun, 322; *Kimball* v. *Williams*, 51 App. Div. 616.) " (*Owens* v. *Blackburn*, 161 App. Div. 827, 829.)

In the trial of an action such as in the instant case, to attempt to pass upon the question as to whether the other defendants other than Godknecht are insolvent would be an attempt to exercise equity jurisdiction, which is beyond the power of the Municipal Court. (*Hyman* v. *Nev-a-Hone Razor Strop Co.*, 173 N. Y. Supp. 56.) Moreover the Municipal Court has no jurisdiction of an equitable action. Consent does not and cannot confer jurisdiction of the subject-matter of an action beyond the Municipal Court jurisdiction. (*Herpe* v. *Herpe*, 89 Misc. 142.)

The Municipal Court has no power to determine which of the defendants are insolvent and what because of alleged insolvency should be the contribution between the defendant Godknecht and the plaintiff, whether the same should be by halves or by thirds. Such provision would have to be made in a decree in a court of equity as to any alleged insolvent defendant so that the rights of the parties might be definitely determined in the event any such insolvent defendant shall afterwards become able to pay. (*Kimball* v. *Williams*, 51 App. Div. 616.)

It follows, therefore, that this action being one of law against all of the joint makers of a note, the plaintiff in this action is only entitled to recover each defendant's proportion, to wit, one-fifth of the debt, and that, therefore, the judgment as against each defendant should be one-fifth of $260.90, plus interest and costs, which, according to the judgment entered, amounts to $344.86. Submit judgment on two days' notice.