SAUL SALZBERG, Plaintiff, *v.* MOE DEUTSCH and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, March 5, 1934.

*Henry S. Salzberg,* for the plaintiff.

*Samuel L. Zuckerman,* for the defendant Rogovin.

WHALEN, J. The plaintiff and the two defendants signed a promissory note to the order of the National City Bank of New York, dated October 4, 1932, in the sum of $108, payable one year from date. The note was signed by Moe Deutsch as borrower and by Rubin Rogovin and Saul Salzberg as comakers.

On this motion for summary judgment, the moving affidavits show, without contradiction, that the proceeds of the note were paid to Moe Deutsch, and that Salzberg and Rogovin signed as accommodation makers for the purpose of giving credit to Deutsch. The note was a joint and several one, under which the borrower, Deutsch, promised to make certain monthly payments, and further containing the provision that in default of any of the payments the comakers might be called upon to make the monthly payments and also in case of default the National City Bank would have the right to accelerate the due date of the note and demand payment in full. Deutsch defaulted in making two monthly payments of nine dollars each, and the plaintiff Salzberg made a payment of eighteen dollars at the request of the bank. Thereafter Deutsch defaulted again and the bank declared the entire balance due, and Salzberg at the request of the bank paid sixty-two dollars in payment of the balance due. Through some adjustment the full amount that the plaintiff paid was seventy-nine dollars and twelve cents.

The plaintiff now sues the defendant Deutsch for the full amount of seventy-nine dollars and twelve cents and asks judgment against the defendant Rogovin for contribution to the extent of one-half of that sum, namely, thirty-nine dollars and fifty-six cents.

The opposing affidavit by the defendant Rogovin does not deny any of these statements of fact but merely sets up the contention that plaintiff is entitled to contribution of only one-third, because of the fact that this is a joint and several note on which there are three makers. The plaintiff cites the case of *Sand* v. *Steinberg* (144 Misc. 126), in which there was one borrower and three comakers, and the court held that each comaker was entitled to contribution of one-third from each of the other comakers; in other words, the court excluded the borrower. The defendant relies on the case of *Meyrowitz* v. *Wattel* (149 Misc. 862), in which case it was held that where there were five joint and several makers of a note and one of the makers paid the amount of the note, he was entitled to a contribution of one-fifth from each of the other makers.

At first there seems to be a contradiction between the two cases, but upon analysis there is no real contradiction between them. In the *Meyrowitz* case, which was decided under a stipulated set of facts, there was nothing to show who got the consideration for

the original note. It does not appear whether or not one maker received the proceeds of the note and that the others were merely accommodation makers. In a joint and several note, where all makers share in the consideration, one maker is entitled to equal contribution from all the others, but in the case of a note given to a loaning institution, where one man signs as borrower and the others sign as comakers without receiving any of the proceeds of the note, they are merely sureties for the borrower. They stand in an equal position among themselves with respect to liability on the note, and in case of loss all those who stand in an equal position are expected to share proportionately in the loss. (*Easterly* v. *Barber*, 66 N. Y. 433.) It is not necessary to resort to equity in order to enforce this equal contribution. If it is claimed that one of the sureties, however, is insolvent it would be necessary to go into equity in order to enforce a larger contribution from one of the sureties than would otherwise be necessary. The distinction is pointed out in *Bronner* v. *Walrath* (208 App. Div. 758), where the court said, " If Herman was one of four joint and several makers, his share was one-fourth; if he was one of three sureties, his share was one-third."

The relation between Deutsch, the maker, on the one hand, and Salzberg and Rogovin, the comakers, on the other, was that of principal and surety. Upon payment by one of the sureties there arose an implied promise on the part of the principal to reimburse the surety in full, and at the same time there arose an implied promise on the part of the other surety to reimburse the surety who paid in an equal proportion to the number of the sureties. (*Blanchard* v. *Blanchard*, 201 N. Y. 134.)

On the undisputed facts in this case the plaintiff is entitled to recover from the defendant Deutsch seventy-nine dollars and twelve cents, and the plaintiff is entitled to summary judgment against the defendant Rogovin for one-half that amount, or the sum of thirty-nine dollars and fifty-six cents with appropriate interest.