586

EUGENE NOWINSKI, an Infant, Plaintiff, *v.* ANGELO LA MONTE and Another, Defendants.*

PETER NOWINSKI, Plaintiff, *v.* ANGELO LA MONTE and Another, Defendants.*

Municipal Court of New York, Borough of Brooklyn, First District, May 21, 1938.

*Irving A. Cook,* for the plaintiffs.

*Emanuel Morgenbesser,* for the defendants.

MORRIS, J.   This action was tried before the court and a jury. The summons on its face demands judgment for $1,500.   The oral complaint shows separate causes of action, the infant plaintiff suing for personal injuries and the father for loss of services.   The separate causes of action mention no amount for which each separate plaintiff is suing.

Through no fault of the court the summons and complaint did not come into the court's possession until the completion of the testimony of an interne called as a witness for the defendant, and, after listening to his testimony and later that of a policeman, the

* Affd. by Supreme Court, Appellate Term, Second Department, without opinion (N. Y. L. J. June 29, 1938, p. 3133).

court was of the opinion that the verdict of the jury on the facts would be for the defendants.

After the charge of the court and after the jury had left the courtroom, no motions having been made to dismiss for lack of jurisdiction, the court asked counsel for the parties if they had read the pleadings and called their attention to the fact that the face of the summons demanded judgment for $1,500 and that the oral complaints did not separate the amount each plaintiff was suing for, so that the court could not interpret the complaint as stating an amount for each plaintiff not in excess of the jurisdiction of the court, to wit, $1,000.

The court further advised the attorneys that in the event the jury brought in verdicts for the plaintiffs the court would have to set them aside on its own motion on the ground that the court had no jurisdiction because the amount each plaintiff is seeking, i. e., $1,500, is in excess of the court's jurisdiction. Discussion then was held between the court and counsel for the parties. The discussion was not made part of the record, but when the jury returned with a verdict for the infant for $500 and the father for $26 the court entertained a motion to set aside both verdicts on the ground of lack of jurisdiction, and, upon request, reserved decision awaiting briefs.

The court must interpret the face of the summons by what appears upon the indorsement. (*Murtagh* v. *Keystone Transportation Co.*, 150 Misc. 686; *Kinzey* v. *Great Atlantic & Pacific Tea Co., Inc.*, No. 714, App. Term, 2d Dept., Sept.-Oct. Term, 1936 [no opinion for publication]; *Merten* v. *Queen Rental Corp.*, 241 App. Div. 831.) The case of *Murtagh* v. *Keystone Transportation Co.* (*supra*) is cited with approval in *Kinzey* v. *Great Atlantic & Pacific Tea Co., Inc.* (*supra*). In *Merten* v. *Queen Rental Corp.* (*supra*) the court cited *Spetler* v. *Jogel Realty Co.* (224 App. Div. 612); *Dobrikin* v. *Union R. Co.* (130 Misc. 796); *Sirop* v. *Greenwood Co.* (134 id. 836; affd., 228 App. Div. 799). *Spetler* v. *Jogel Realty Co.* and *Dobrikin* v. *Union R. Co.* (*supra*) are City Court appeals and *Sirop* v. *Greenwood Co.* (*supra*) is an appeal from a decision by a Municipal Court justice.

The effect of the decisions as to the indorsement on the summons in the Municipal Court is that where the causes of action are separated and each plaintiff seeks damages on each cause of action in a sum not exceeding the jurisdictional limit of the court, even though the body of the summons contains a demand for judgment in an amount in excess of the jurisdictional limit, the court has jurisdiction.

In the instant case, the amount of damages each plaintiff seeks in each cause of action is not stated in the indorsement and the court must interpret the fact of the summons by what appears on the indorsement. The effect of such indorsement, because of the failure to separately state the amount sued for, is the same as if the summons on its face demanded judgment in separate amounts of $1,500 for the different plaintiffs.

The attorney for the plaintiffs is of the opinion that the court should have remained silent as to the indorsement on the summons in view of the fact that neither attorney noticed the failure to separately state the amount sued for in each action.

We are discussing jurisdiction over the subject-matter. " By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought." (*Cooper* v. *Reynolds*, 10 Wall. 308.)

After the motion made by the defendant to dismiss for lack of jurisdiction the plaintiff moved to amend the complaint to allege a cause of action for the infant plaintiff for $1,000 and for the father for $500. To this the defendant objected.

Consent does not and cannot confer jurisdiction over the subject-matter of an action beyond the jurisdiction of the Municipal Court. (*Herpe* v. *Herpe*, 89 Misc. 142; *Meyrowitz* v. *Wattel*, 149 id. 862; *Benson* v. *Eastern B. & L. Assn.*, 174 N. Y. 83, 86.) " If, on the other hand, the court has no jurisdiction of the subject-matter or of the parties, its order was void and could be attacked collaterally, for ' one is not bound to appeal from a void order or judgment, but may resist it, and assert its invalidity at all times.' (*Kamp* v. *Kamp*, 59 N. Y. 212, 215; *Losey* v. *Stanley*, 147 id. 560, 573.) " (*Hughes* v. *Cuming*, 165 id. 91, 94.) It follows, therefore, that the motion of the defendant to dismiss each complaint because each plaintiff seeks damages exceeding the jurisdictional limit of the court should be granted and the motion of the plaintiff for leave to amend the complaint so that each plaintiff may seek damages in a sum not exceeding the jurisdictional limit of the court should be denied.

Verdicts set aside. Motion to dismiss each complaint granted, motions to amend the complaints denied. Submit order on two days' notice.