*960 OPINION OF THE COURT
Sheila Abdus-Salaam, J.
Plaintiff moves for an order granting him summary judgment and awarding him the sum of $18,500 with interest from December 30, 1992, attorney’s fees and the cost and disbursements of this action. Motion is granted to the extent set forth below.
On August 27, 1987, Chemical Bank (Chemical) loaned D.L. Toyworks, Inc. (Toyworks) the sum of $150,000. Plaintiff David Slutsky (Slutsky), defendant Donald Leftt (Leftt) and Sydney Sperling (Sperling), the three shareholders of Toyworks signed guarantees for payment of the above loan. At the time of the execution of the loan and guarantees, defendant owned 50% of the outstanding shares of Toyworks. Plaintiff and Sperling each possessed 25% of the shares.
Toyworks on February 26, 1991 defaulted on the note leaving a balance of $42,578.83. Plaintiff informs the court that at the time of the default he had acquired Sperling’s stock leaving him and Leftt as co-owners of all the outstanding shares.
Chemical commenced an action in Supreme Court, New York County, to recover the above balance. It obtained a judgment against Toyworks, Slutsky, Leftt, Sperling and LSV West Toy Corporation in the amount of $49,293.27 on December 22, 1992.
Plaintiff states that it paid the sum of $37,000 to Chemical. He contends that defendant is liable for half of the above sum on the basis that Leftt’s then ownership of half of Toyworks’ stock obligates him to pay for half of the monies paid on the parties’ respective guarantees.
Defendant disagrees with Slutsky’s theory that his liability is determined by the proportion of shares he owned in Toy-works at the time of the loan default. He argues that each coguarantor was to bear one third of the liability for the debt.
It has been held that: "The theory of contribution at common law is that one who is compelled to pay more than his aliquot share of an obligation upon which several persons are equally liable is entitled to contribution from the others to obtain from them payment of their respective shares [citation omitted]. The sine qua non of contribution is the existence of a common burden, obligation of liability [citations omitted] and another salient feature is the rule that, generally, all coobligors must contribute equally in discharging their common *961 obligation [citations omitted]. The most frequent application of the doctrine is found in the case of cosureties although it is not confined to that relationship.” (Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d 136, 147-148 [2d Dept 1980], lv denied 52 NY2d 701 [1980].) The doctrine of contribution which is founded upon general equitable principles is available to coguarantors. (63 NY Jur 2d, Guaranty and Surety-ship, § 498.)
The Court of Appeals, over 100 years ago, stated: "The obligation of one of two co-sureties is to pay the whole debt. His right is, if he pays the whole debt, to recover one-half from his co-surety, or the whole from the principal. If he pays less than the whole debt, he cannot recover from his co-surety, though he may from the principal, more than the amount which he has paid in excess of the moiety which, as between him and his co-surety, it was his duty to pay.” (Morgan v Smith, 70 NY 537, 541-542 [1877].)
Since the three coguarantors were liable to Chemical both jointly and severally, there is a presumption that they bear the burden equally. (Meyrowitz v Wattel, 149 Misc 862 [Mun Ct, Queens 1933]; Egbert v Hanson, 34 Misc 760 [Sup Ct, NY County 1901].) They stand in equal position among themselves with respect to liability on the note, and in case of loss all those who stand in an equal position are expected to share proportionately in the loss. (Salzberg v Deutsch, 150 Misc 870, 872 [Mun Ct, Manhattan 1934].)
Plaintiff has not produced any documents to demonstrate that the coguarantors’ personal liability was determined by their ownership of Toyworks. Nor has either side indicated that Sperling’s guaranty was different from those signed by the parties to this action. The court concludes that each guarantor is liable for one third of the debt. (Sand v Steinberg, 144 Misc 126 [Mun Ct, Manhattan 1932].) Therefore the defendant’s portion of the judgment is $16,431.09. Plaintiff has paid $20,568.91 in excess of his one-third proportion leaving the other coguarantors liable to the plaintiff for $10,284.46 each.
However, plaintiff’s application for attorney’s fees is denied. The general rule is that attorney’s fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or statute or court rule. (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, *962 5 [1986].) Since there was no agreement between the coguarantors for the imposition of legal fees or a statutory requirement, the court may not grant this relief.
Accordingly, plaintiffs motion for summary judgment is granted to the extent of directing the clerk to enter judgment in favor of plaintiff and against defendant in the sum of $10,284.46 with interest from December 30, 1992 together with the costs and disbursements of this action.